[ PHILADELPHIA, APRIL 2D, 1840. ]

5 Wh 442
e 27 SC ²572

## ALLENTOWN ROAD.

CERTIORARI.

1. Where the Court of Quarter Sessions has confirmed the report of a jury on a petition to vacate a road in a borough, this Court will not reverse the decree, on the ground that the *road* vacated was a *street*, and within the prohibition contained in the 22d section of the act of 13th of June, 1836; unless it so appear on the face of the proceedings.

2. Where the petition was that a certain road should be *vacated*, and the Court appointed viewers; but the order reciting the petition, &c. directed that the viewers should proceed to *lay out* the road, &c., and the viewers reported in favour of vacating the road, and no exception was made in the Court below on this ground; the Supreme Court affirmed the proceedings.

CERTIORARI to the Quarter Sessions of Lehigh County, to remove the proceedings in the matter of vacating a road in the borough of Allentown, beginning at Jordan Bridge and ending at the eastern extremity of Andrew street.

The petition to the Court below was as follows.

" To the honourable the judges of the Court of Quarter Sessions of the Peace of Lehigh County :

The petition of the subscribers, citizens of the borough of Northampton and its vicinity, represents, that a road has been heretofore laid out in the town of Northampton, beginning at a post near the bridge over Jordan creek, in the public road leading to Hamilton street, in the town (now borough) of Northampton ; thence extending north thirty-one degrees west forty-four perches to a post; thence south seventy-one degrees west two perches to the eastern extremity of Andrew street; thence along the same street the same course one hundred and seven perches into Allen street—A part of which road, to wit, beginning at a post near the bridge over Jordan creek, in the public road leading to Hamilton street, thence extending north thirty-one degrees west forty-four perches to a post; thence south seventy-one degrees west two perches to the eastern extremity of Andrew street—your petitioners conceive has now

become useless, inconvenient and burdensome to the inhabitants of said borough. Your petitioners therefore pray the Court, that the said part of the said road may be vacated, agreeably to the act of assembly in such case made and provided."

The order of the Court, as certified by the clerk, after reciting the above petition verbatim, proceeded as follows.

" Whereupon the Court appoint Charles S. Bush, Esq., Charles Ritter, Jacob Bast, George Yeager, Frederick Bieng, Daniel Gangawer, who after being respectively sworn or affirmed to perform the duties of their appointment with impartiality and fidelity, are to view the ground proposed for said road ; and if they or any five of them view the said ground, and any four of the actual viewers agree that there is occasion for such road, they shall proceed to lay out the same as agreeable to the desire of the petitioners as may be, having respect to the best ground for a road, and the shortest distance, in such a manner as to do the least injury to private property; and shall make report thereof—stating particularly whether they judge the same necessary for a public or private road ; together with a plot or draught thereof, and the courses and distances, and references to the improvements through which it may pass—to the next Court of Quarter Sessions to be held for the said county. In which report they shall state that they have been sworn or affirmed according to law ; and whenever practicable the viewers shall lay out the said road at an elevation not exceeding five degrees, except at the crossing of ravines and streams where by moderate filling and bridging the declination of the road be preserved within the limits."

The oath of the viewers endorsed on the order of the Court was as follows :

" We the subscribers do swear that we will perform the duties enjoined on us by the within order of Court with impartiality and fidelity."

The report of the viewers was as follows :

" To the judges within named. We the subscribers appointed by the within order of Court to view the road therein mentioned, do report, that in pursuance of the said order, having been respectively sworn according to law, we have viewed the said road ; and that such part thereof as beginning at a post near the bridge over Jordan creek in the public road leading to Hamilton street, thence extending north, thirty one degrees, west, forty-four perches to a post, thence south, seventy one degrees, west, two perches to the eastern extremity of Andrew street, is in our opinion, useless, inconvenient and burdensome, and ought therefore to be vacated. A draught whereof is hereunto annexed."

The following exceptions to the report were filed in the Quarter Sessions.

" 1. That the Court had no jurisdiction over said road, which is one of the streets of the town laid out and dedicated to public use; and lots have been sold bounding on it.

2. That the petition and order show that it is a road or street within the borough of Allentown; and do not show that it was laid out as a road by the Court of Quarter Sessions."

The Court of Quarter Sessions after argument dismissed the exceptions and confirmed the report.

This certiorari was then taken, and the following errors were assigned.

" 1st. The order of Court is to lay out a road; and the viewers have vacated a road for which they had no authority by the order of Court.

2d. Neither the petition nor return of the viewers state the width, situation and circumstances of said road.

3d. That the Court of Quarter Sessions had no jurisdiction to vacate the said street or highway within the borough and town-plot of the borough of Northampton.

4th. The Court of Quarter Sessions had no jurisdiction to vacate the said street or highway leading to Jordan creek—a stream of water.

5th. It does not appear from the petition nor any part of the proceedings, that said road was laid out according to law."

Mr. *Mallery*, for the appellants, contended,

1. That the Court of Quarter Sessions had no power to vacate a street (which this was) in an incorporated borough.   He referred to the act of 18th March, 1811, incorporating the borough of Allentown; and the 18th and 22d sections of the act of the 13th of June, 1836.

2. That the proceedings were defective and untenable.   *Case of Baltimore Turnpike*, (5 *Binn.* 431.)   *Case of Bryson's road*, (2 *Penn. Rep.* 207.)

The opinion of the Court was delivered by

SERGEANT, J.—The material exceptions to the decree of the Court of Quarter Sessions in this case, which are relied upon, are, first, that the Court of Quarter Sessions had no jurisdiction over this road, so as to be authorised to vacate it.   Second, that the proceedings of the viewers were erroneous and invalid.

1. The power of the Court of Quarter Sessions to lay out and

(Case of Allentown Road.)

vacate roads or streets in boroughs, is now regulated by the act of the 13th of June, 1836, which in the 18th section, gives to them power to vacate the whole or any part of any private or public road which may have been laid out by authority of law, whenever the same shall become useless, inconvenient and burthensome. The 22d section contains a proviso that nothing contained in the act should be construed to give authority to any of the Courts of the commonwealth, to vacate any lane, street or highway within any city, borough, town-plot, or any town or village laid out by the late proprietaries, or by any other person, and dedicated to the public use ; and it is alleged that this was a street within the borough of Allentown laid out by the owner of the ground on which the town was built. It is a sufficient answer to this to say, that it nowhere appears in the proceedings that this was the case. On the contrary it is spoken of in the proceedings as a *road* which had been laid out in the town of Northampton, (formerly called Allentown.) If the fact was as is alleged by the complainants, it ought to have been exhibited to the Court below by proof. That not having been done, this Court will presume that it was within their jurisdiction. In the case of the *Baltimore Turnpike*, (5 *Binn*. 484,) it was held that this Court will suppose the place where the damage arising from the opening of a road happened, was within the jurisdiction of the Court of Quarter Sessions, unless it appears to the contrary by the record.

2. There is certainly a blunder in the proceedings below. The petition prayed an order to vacate the road, which the Court granted. The order then recited the petition and its prayer, the appointment of viewers, and their duty to be sworn or affirmed ; and then goes on to order them to view the ground, and if they agreed there was occasion for such road, to proceed to lay it out. Annexed is the oath of the viewers to perform the duties enjoined on them by the order ; and then they report, that in pursuance of the order, they had viewed the said road, describing it, and that it was in their opinion, useless, inconvenient and burdensome, and ought therefore to be vacated. This report the Court confirmed. There can be no doubt if the objection to the regularity of this proceeding had been taken below and was founded in fact, it must have prevailed. But the question is, whether the parties can lie by, omit to object below where the truth of the doings of the viewers could have been ascertained, and then come here and make the objection for the first time : for though two exceptions were filed below this was not one of them. We think this cannot be done ; that the parties have waived their objection to what may have been a mere misprision of the clerk in drawing up the order, perhaps in the hurry of business.

Decree affirmed.