ELIZA J. MCKEE *vs.* CHARLES E. GARCELON.

*Personal property—sale of between husband and wife—what delivery necessary.*

A husband, having purchased some neat stock with money lent him by his wife for the purpose, and put it upon a farm carried on by him and on which she resided with him, thereupon, for the purpose of repaying her for the money conveyed to her the stock by an absolute bill of sale which he delivered to her and which she ever after retained. No other delivery of the stock was made, and it remained and was used on the farm as before. Three months thereafter, the defendant, as an officer, attached some of the stock on a writ against the husband. In replevin by the wife, *Held,* That there was no sufficient delivery of the stock from the husband to the wife.

Also, held, that notice of the sale to the officer holding the writ, before service, uncommunicated to the attaching creditor is not notice to the latter.

ON EXCEPTIONS.

REPLEVIN for two cows and one calf which the defendant, as deputy-sheriff, had attached on a writ in favor of one *Davis v. Simeon Nichols & John McKee,* the latter being the husband of the plaintiff in this action.

The case showed that the cattle replevied, with others, were purchased by the plaintiff's husband with money which the plaintiff lent him for that purpose from her own earnings before her marriage, which took place in 1864. That the plaintiff resided with

her husband on the farm where all the cattle were kept and used. That some three months prior to the attachment, the plaintiff's husband conveyed the cattle to her by an absolute bill of sale under seal, for the purpose of repaying her for the money she had let him have.   That said bill of sale was delivered by him to the plaintiff, at its date, and has been retained by her ever since. That no other delivery of the cattle was made, but they remained and were used upon the farm as before.   That on the day the cattle were attached, but before the attachment, the husband informed the officer that the cattle belonged to his wife.

The case was withdrawn from the jury and submitted to the presiding justice, reserving right of exceptions, who gave judgment for the defendant upon the ground that there was no sufficient delivery of the cattle from John McKee to the plaintiff, whereupon the plaintiff alleged exceptions.

*Asa P. Moore*, for the plaintiff, cited

Story on Sales, § 353, 362; *Ludwig* v. *Fuller*, 17 Maine, 162; *Bethel S. M. Co.* v. *Brown*, 57 Maine, 18; Story on Sales, § 312, *b*; *Stinson* v. *Clark*, 6 Allen, 340; Story on Sales, § 298, *a*; *Shurtleff* v. *Willard*, 19 Pick. 210; 13 Pick. 183; 3 Pick. 45; *Hotchkiss* v. *Hunt*, 49 Maine, 213; *Means* v. *Williamson*, 37 Maine, 556, and cases cited; Story on Sales, § 312; *Beaumont* v. *Cram*, 14 Mass. 400; 5 Pick. 525; 2 Met. 350; R. S., c. 96, § 8; Hill. Rem. for Torts, c. 2, § 1 (*a*), c. 7, § 23.

*Wm. P. Frye & John B. Cotton*, for the defendant.

DICKERSON, J.   The rule of law is well established that in order to pass the title to personal property by a sale, as against subsequently attaching creditors of the vendor without notice, there must be a delivery, actual, constructive, or symbolical.   *Cobb* v. *Haskell*, 14 Met. 303; *Burge* v. *Cone*, 6 Allen, 413.

What amounts to proof of delivery has been much discussed by courts and jurists, and where so much depends upon the nature of the subject-matter of the sale, its situation and condition, the usual

McKee *v.* Garcelon.

course of trade, and all the other attendant circumstances, together with the subsequent acts of the parties as showing their intention at the time of the sale, it will be found exceedingly difficult, if not absolutely impracticable, to lay down a general rule applicable to all cases.

Though this is undoubtedly true, yet it is proper to observe, in general terms, that to constitute proof of a delivery, there must be such evidence arising from the conduct of the parties as shows a relinquishment of ownership and possession of the property by the vendor, and an assumption of these by the vendee. This is the case:

1. Actually, when there has been a formal tradition of the property to the vendee; or,

2. Constructively, when, the property not being present, or accessible, as a ship at sea, the vendor gives the vendee a grand bill of sale, under which he takes possession upon her arrival in port; or, if the property is difficult of access, as logs in a stream, or incapable of manual tradition, as large blocks of stone, when the vendor approaches in view of it with the vendee, and proclaims a delivery to him; or, when a part of the goods are delivered for the whole; or, if the goods are in the custody of a third party, where the parties to the sale give such party notice of the transfer; or,

3. Symbolically, when the vendor gives the vendee the key to the warehouse in which the goods are stored, or an order on the wharfinger, or warehouse-keeper who has them in charge, or a duplicate invoice of a ship's cargo, authenticated by the master, or a bill of lading duly indorsed.

Though the assignment and delivery to the vendee by the vendor of a bill of lading, invoice, or other like documentary evidence of his title to the goods has been held good, as a symbolical delivery, the delivery of a bill of parcels, or bill of sale by the vendor to the vendee has been held insufficient, as these depend solely upon the vendor for their authenticity, and may be multiplied indefinitely; such memoranda are not, technically considered, documentary evidence of the vendor's title.

Thus in *Lanfear* v. *Sumner*, 17 Mass. 117, a merchant in Philadelphia made out and receipted a bill of sale of a number of chests of tea, supposed to be on their passage from China to Boston, though they were then in the custom-house in Boston, and before the agent of the vendee demanded possession of them they were attached by the creditor of the vendor. The court sustained the action on the ground that the goods not being at sea there was no delivery actual or symbolical before the attachment.

So in *Carter* v. *Willard*, 19 Pick. 9, the only evidence of delivery was the giving of a bill of sale of the goods by the vendor to the vendee, and the court held that that was not sufficient. So, also, in *Burge* v. *Cone*, 6 Allen, 413, the same question arose with the same result.

The doctrine of delivery rests upon the ground that the vendee should have the entire control of the property, and that there should be some notoriety attending the act of sale ; and hence, proof of delivery will not be dispensed with on account of the peculiar situation or relations of the parties with respect to the property at the time of the sale, nor will these constitute sufficient evidence of delivery.

Accordingly it has been held to be no proof of delivery, that the vendor and vendee reside in the same house, *Trovers* v. *Ramsy*, 3 Cranch, 354, not even if they are brothers, *Haffron* v. *Clark*, 5 Whart. 445, or son-in-law and father-in-law, *Stulwagon* v *.Jeffries*, 44 Penn. 407; nor if the vendor resides with the vendee, *Halle* v. *Cralle*, 8 B. Monroe, 11 ; nor when the vendor's agent remains in possession with the vendor, *Medell* v. *Smith*, 8 Cowp. 333 ; nor though the parties are partners with respect to the property sold, *Shurtleff* v. *Willard*, 18 Pick. 201.

It is clear from these cases that there is the same necessity of a delivery, when the parties to the sale are husband and wife, that there is in other cases. For this purpose the wife sustains the same relation to the husband as any other person ; and though, in respect to personal property owned by the wife in her own right, she stands upon the same footing that the husband does to his, we are

not aware that the authorities have yet gone so far as to dispense with the necessary formalities to be observed in acquiring property in her favor. *Hanson* v. *Millett*, 55 Maine, 189.

In this case there was no actual delivery. John McKee, the vendor, and husband of the plaintiff, held the same possession after as before the sale of the cattle. There was no change of possession by the act of sale. The plaintiff had no possession either of the cattle or the farm on which they were kept. She resided on the farm simply because her husband did. Nor was there any constructive or symbolical delivery, unless the delivery of the bill of sale constituted one ; and that, as we have seen, is not sufficient, there being nothing to prevent an actual delivery by a transfer of the manual possession of the property to the vendee.

Notice of the sale to the officer holding the writ, before service, uncommunicated to the creditor, is not notice to him. *Stanly* v. *Peasley*, 5 Maine, 369.

The adjudication of the presiding judge in giving judgment for the defendant was in strict accordance with the law of the case.

*Exceptions overruled.*
*Judgment for Defendant.*

APPLETON, C. J.; CUTTING, WALTON, and DANFORTH, JJ., concurred.