## In re division of Plum Township.

Under the 14th section of the Act of 15th April 1834, Pamph. L. 539, which provides for the creation of new townships, &c., the order of the court appointing the commissioners must contain an explicit direction to them, according to the express terms of the law, "to inquire into the propriety of granting the prayer of the petitioners," and a neglect to do so is fatal to the proceedings.

November 10th 1876.    Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.    WILLIAMS and MERCUR, JJ., absent.

Certiorari to the Court of Quarter Sessions of *Allegheny county:* No. 255, of October and November Term 1876.

The proceedings in the court below were to obtain the division of Plum township in the county of Allegheny.

The petition of voters, citizens and residents of said township, which bore date the 8th of May 1876, represented that the said township was of large extent territorially ; that there was considerable diversity of interest amongst its inhabitants ; that the voting-place was in a central position, and that the voters in the north end of the township had to travel from five to seven miles to reach the polls, and the petitioners therefore prayed the court to divide the township into two townships, and to form a new township out of the northern end of Plum township ; to fix a voting-place and appoint the necessary election officers for the purpose of holding the next election, and until their successors shall be elected, &c.

On the same day the court appointed three commissioners " to mark out and lay out said new township and suggest a name therefor, also fix the place or polls for holding elections therein, if it is necessary and proper that such new township should be formed, and to make report to court."

On the 10th of June 1876 the commissioners filed their report in favor of a division, and on the 1st of July following the court made this order :—

" It appearing to the court that the report of commissioners appointed in this case to inquire into the propriety of the division of said township, and the formation of a new township thereout, is in favor of the formation of a new township to be called ' Ewing,' and that the same has been filed, the court do order and direct that a vote of the qualified electors of said township of Plum be taken on the question of a division of said township, and the formation of a new township, in accordance with the report of said commissioners at the place fixed by law for holding the elections in said township on the 18th day of August 1876, said election to be governed by the several laws of this Commonwealth relative to township elections."

On the 21st of August 1876 the returns of the election were

[In re division of Plum Township.]

filed, showing 114 for the division of the township and 112 votes against.

On the same day exceptions were filed, alleging that there were irregularities at the election, and the court was asked to set it aside.

On the 12th of September the court overruled and dismissed the exceptions and confirmed the report of the commissioners absolutely.

The exceptants sued out this writ of certiorari and, *inter alia*, assigned for error that

"The order of court appointing the commissioners does not direct them to inquire into the propriety of granting the prayer of the petition."

*J. McF. Carpenter*, for exceptants.—The order of court appointing commissioners to divide a township must contain an explicit and express direction to inquire into the propriety of making such division : Act of Assembly 15th April 1834, art. 14, Pamph. L. 539 ; In. re Bethel Township, 1 Penna. St. 97 ; In re Harrison Township, 5 Id. 447 ; In re Div. Conneaut Township, 6 Pitts. L. J. 121.    An omission to direct such inquiry is not cured by a report that the inquiry was made : In re Harrison Township, 5 Penna. St. 447.    The report of the commissioners must contain an explicit opinion upon the propriety of granting the prayer of the petitioners : In re Limestone Township, 11 Penna. St. 270 ; In re Macungie Township, 14 S. & R. 67.

*James Fitzsimmons, contrà.*

Mr. Justice Sharswood delivered the opinion of the court, November 20th 1876.

The 14th section of the Act of April 15th 1834, Pamph. L. 539, provides that upon application by petition to the Court of Quarter Sessions for the purpose of creating a new township or altering the lines of any township, or of ascertaining the lines or boundaries of any township, the court shall appoint three impartial men, if necessary, to inquire into the propriety of granting the prayer of the petitioner.    It has been settled in a series of cases decided by this court upon the construction of this act that the order of the court appointing the commissioners, which is their authority for acting, must contain an explicit direction to them according to the express terms of the law, " to inquire into the propriety of granting the prayer of the petitioners :" In the matter of the division of Bethel Township, 1 Barr 97 ; In re Harrison Township, 5 Id. 447 ; In re Conneaut Township, 6 Pittsburgh Legal Journal 121.    The order of the court in this case was plainly defective in this respect.    It contained no direction to the commis-

[In re division of Plum Township.]

sioners to the effect required. The order directed the commissioners "to mark and lay out said new township and suggest name thereof, also to fix the place or polls for holding elections, if it is necessary and proper such new township should be formed." It might well be inferred that the court reserved to itself the decision of the question, whether it was necessary and proper that such new township should be formed and that the work of the commissioners was to be contingent upon such determination. There is certainly no explicit direction to them to inquire and report upon the propriety of granting the prayer of the petition. Conceding that they did report upon that question—and even the report varies from the words of the act—we may adopt the language of the court in In re Bethel Township, 1 Barr 101. "True, they voluntarily certified that they thought the division proper; but in going beyond the terms of the order they acted unofficially. They are to be sworn, but only to do those things rightly which they are commanded to do; and we know not that they swore to the truth of the opinion which they volunteered; officially they certainly did not."

As this defect is fatal to the proceedings, it is unnecessary to consider the remaining assignments of error.

It is proper to notice what certainly is a great irregularity in practice appearing on this record. No certified copy of the order was issued, but as it would seem the original order was delivered to the commissioners, and their report is attached to it, it would be a practice replete with danger to the public records if it should be tolerated. The clerk clearly violated his duty in allowing the order to be taken out of the office, and would have been responsible for damages if it had been lost.

Order reversed and proceedings quashed.