# In re Road in Silver Lake Township.

1. An order was made to re-view a road, but the viewers took no action thereunder. The order was continued to the following session of the court, when other viewers were substituted, who proceeded to act under the original order, without the issuance of a new order. *Held*, that this proceeding was irregular, and this notwithstanding the continuance and substitution appeared of record.

2. The original order gave the viewers authority to lay out but not to vacate a road. They proceeded to lay out and vacate. *Held*, that this action was erroneous and was not helped by the fact that the court amended the original order by inserting therein "with power to vacate," and sent the same back to the viewers for their approval, and their approval was endorsed thereon.

March 14th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Certiorari to the Quarter Sessions of *Susquehanna county*: Of January Term 1877, No. 8.

At November Sessions 1874 a petition was presented by certain citizens to lay out a road from John Buckley's to Edward Mechan's, in Silver Lake township, with power to vacate. Viewers were appointed at the same court, who reported at January Sessions 1875, and this report was confirmed *nisi* on the 27th of that month. At April Sessions following a re-view was granted, and on the 15th of April the court appointed James C. Wheaton, Benjamin C. Vance and B. L. Canfield re-viewers. An order was issued to

[In re Road in Silver Lake Township.]

them soon after, returnable at August Term, to lay out a road, but no authority to vacate was contained therein. On the 20th of August 1875 the court made the following entry on this order:—

" Order continued to next term, and Wilson J. Turrell, Christopher Sherman and Edmund Baldwin substituted as viewers."

At November Sessions 1875, these last-appointed viewers filed their report, made on the old or original order, no new order having been issued to them, and this report was confirmed *nisi* on the 16th of November 1875. Exceptions were filed thereto, depositions taken, and, after argument, the following rule granted:—

"And now, April 17th 1876, on motion for petitioners, the court grant a rule to show cause why this order of re-viewers shall not be amended by inserting in it the words ' with power to vacate so much of the Buckley road as will therefore become useless.' "

This rule was made returnable during the term, was continued until argument day, and on the 5th of June 1876 was made absolute, with the direction that, after its amendment as above by the clerk, it should go to the viewers for their approval. This report was re-filed August 17th 1876, having these words inserted in the original order to Wheaton, Vance and Canfield, "with power to vacate so much of the Buckley road as will therefore become useless," and having the following entry endorsed thereon: " This order of re-viewers, amended by the court, approved by us," which was signed by Turrell, Baldwin and Sherman. On August 17th 1876, the same day this report was re-filed, it was confirmed finally.

This writ was taken by Edward and Michael Meehan, who complained that the damages allowed them were inadequate for the injury sustained, and who alleged, *inter alia*, that the court erred in confirming this report, because the re-viewers had acted without the authority of any order, the order under which they acted not having been issued to them ; that they had no authority to vacate, and that it was error to direct such an amendment as that made and to confirm the report after such amendment, the re-viewers not having acted thereunder.

*Littles & Blakeslee*, for the appellants.—No order was issued to the viewers last appointed, who made their report on the order to the re-viewers first appointed, and who received that order as the authority on which they acted. This was clearly erroneous: Metzler's Road, 12 P. F. Smith 152.

The order gave them power to lay out a road but not to vacate, and it is manifest there was therefore no authority to vacate: North Branch Township Road, 1 Leg. Chron. Rep. 120. The order must contain the authority to act: Bethel Township, 1 Barr 97 ; In re Harrison Township, 5 Barr 447 ; and the power of the court to obviate this by amendment in the manner here adopted is denied. The warrant must precede the act : Cambria Street, 25 P. F. Smith 360. It

was error to confirm the report on the same day it was filed, and Meehan was entitled to notice before such action was taken therein: Road in Bensalem Township, 2 Wright 371.

*J. B. & A. H. McCollum*, for petitioners.—Metzler's Road, *supra*, is not applicable. There, on the day the order expired, a viewer was substituted, who made report on the same day and without notice to Metzler. The failure to insert the authority to vacate in the order was a clerical error and was amendable at any time: Beigh's Road, 11 Harris 304; Allentown Road, 5 Whart. 442; Hellertown Road, 5 W. & S. 204; In re Penn Township, 8 Barr 23. In the opinion in this last case the court speak of a reference of the report back to the viewers for their sanction, which was authority for the amended order in this case to go to the viewers for their approval.

Mr. Justice PAXSON delivered the opinion of the court, May 7th 1877.

It appears from this record that at April Sessions 1875, James C. Wheaton, Benjamin C. Vance and B. L. Canfield were appointed re-viewers. An order was issued to them returnable at August Sessions. No action was taken under this order by the re-viewers named therein. At the August Sessions the order was continued, and Wilson J. Turrell, Christopher Sherman and Edmund Baldwin were substituted as viewers. The continuance and the substitution were endorsed on the order. No order was issued to the viewers last appointed. They proceeded to act under the original order, which was not directed to them. This was irregular : Metzler's Road, 12 P. F. Smith 151. It is not to be tolerated, that viewers shall go upon the ground and exhibit as their authority to enter upon the private lands of a citizen, an order directed to some one else. Nor does it matter, as was observed in Metzler's Road, *supra*, that the appointment of the viewers last named appears upon the record. The order was not directed to them; and the persons assembled upon the ground might or might not have known of the substitution. There is no excuse for this laxity. It leads to confusion and uncertainty.

The order to the viewers gave them power to lay out a road but not to vacate. They proceeded to lay out and vacate. The report was made to November Sessions 1875. Exceptions were filed, and pending said exceptions, the court, on April 17th 1876, granted a rule to show cause, " why the order of re-view shall not be amended by inserting in it the words ' with power to vacate so much of the Buckley road as will therefore become useless.' " On the 5th of June 1876, the above rule was made absolute, with the direction that after amendment the order should go to the viewers for their approval. Subsequently, but of what date does not appear, the

[In re Road in Silver Lake Township.]

viewers made this endorsement upon the order: "This order of re-view, as amended by the court, approved by us." On the 17th of August 1876 what is designated as the re-viewer's amended report appears to have been re-filed, and on the same day confirmed finally. We have no doubt of the power of the court to send a report back to the viewers for amendment of clerical errors before confirmation: Beigh's Road, 11 Harris 302; New Hanover Road, 6 Id. 224; Potts's Appeal, 3 Id. 416; Towamencin Road, 10 Barr 195. Nothing of the kind appears to have been done in this case. The court amended its own order and sent that back to the viewers for their approval. This would seem to be sanctioned by what was said in In re Penn Township, 8 Barr 25, where it is stated, *per curiam:* "Had the deficiency in the order been pointed out, the court would have supplied it, and referred the report back to the viewers for their sanction of it; and thus the objection would have been obviated without prejudice to any one." This language must not be extended beyond its obvious meaning. It could not have been intended that the viewers should pass upon the propriety of the action of the court in amending its order. For what purpose then should the amended order go back to the viewers? Manifestly, for such further action, if any, as might be necessary. If in point of fact they had been sworn or affirmed to do precisely what the amended order required to be done, and had performed their duties as they would have done if the order had been properly issued in the first instance, and the same appeared of record, it would be a mere matter of amendment. But if the record failed to disclose this, then it would become necessary for the viewers to set it forth in a supplemental report. And if any duty enjoined by the amended order has been omitted by the viewers, a serious question might arise as to how far the viewers could begin *de novo* as to such omitted duty. No such question, however, is now before us. In this case the order contained no direction to vacate. They were directed to view and lay out. The record shows that they were sworn or affirmed according to law. The oath must be measured by the duty enjoined. The viewers were sworn to view and lay out; nothing more. They proceeded to vacate without authority and without the obligation of an oath. The record does not show that they were re-sworn after the order had been sent back to them, and if it did it does not follow that the defect would be cured thereby. Where the viewers have been properly sworn, but it does not appear of record, the record may be amended to conform to the fact. But where an essential duty has been omitted there can be no amendment, for there is nothing to amend by. The case of Allentown Road, 5 Whart. 442, was cited as sustaining the proceedings in this case. We do not so regard it. It is true, this court refused to reverse in that case upon a question similar to this, but the decision was placed upon the ground that the point was not

[In re Road in Silver Lake Township.]

made in the court below. Says SERGEANT, J. : " There can be no doubt if the objection to the regularity of this proceeding had been taken below, and was founded in fact, it must have prevailed." Here the point was taken below and an attempt was made to cure the defect by an amendment of the order. The amendment was well enough, and if it had appeared of record that the viewers had been sworn to vacate as well as lay out, the regularity of the proceedings would have been more apparent.

The order of the Quarter Sessions, confirming the amended report of the re-viewers, is reversed and set aside.