## ASBILL v. STANDLEY, Sheriff.

### No. 14,250; December 1, 1892.

#### 31 Pac. 738.

**Sale—Change of Possession.—In an Action to Recover** certain mares and colts seized on an execution against plaintiff's husband, plaintiff testified that her husband sold her sixteen mares in satisfaction of a debt. The mares were pastured on the husband's land prior to the sale, and were branded with his brand, but at the time of the sale they were brought to the corral, vented with the husband's brand, and then branded with plaintiff's brand. A bill of sale was also given, and they were then turned back on the range where they had been before, and cared for, at seasons requiring care, by men hired and paid by plaintiff. Held, that there was sufficient delivery and change of possession of the property.

**Sale—Fraud.—Evidence as to Whether Plaintiff** in 1889 gave in to the assessor the ranch as her property could not affect the validity of her purchase of the mares in question in the preceding July, and did not tend to show fraud in the transaction, and was therefore properly excluded.

**Verdict—Uncertainty.—A Verdict will not be Set Aside** on the ground that it is so uncertain that the judgment thereon cannot be executed, when such objection is presented on the judgment-roll alone, and there is no bill of exceptions presenting the facts sustaining the

contention of the uncertainty of the verdict, and when the answer of defendant sheriff also shows a familiarity with the property referred to in the verdict.

APPEAL from Superior Court, Mendocino County; R. McGarvey, Judge.

Action in replevin by Mary Asbill against J. H. Standley, sheriff, for the recovery of certain mares. From a judgment in favor of plaintiff, and from an order denying his motion for a new trial, defendant appeals. Affirmed.

J. A. Cooper for appellant; J. L. Carothers for respondent.

HAYNES, C.—Appeal by defendant from a judgment rendered against him and from an order denying a new trial. The plaintiffs brought replevin against the defendant for the recovery of certain mares and colts seized by the defendant as sheriff on an attachment issued against the property of the plaintiff's husband. The cause was tried before a jury, and the plaintiff had a verdict and judgment for return of part of the property, or for $1,600, the value thereof, if a delivery thereof could not be had.

We have looked carefully into the questions presented by the record upon the motion for a new trial, and find no error of which the appellant can complain. The instructions to the jury were full and clear, especially those given at the request of the defendant, and, as they do not involve any new principle of law, a discussion of them would serve no useful purpose.

The principal question in the case is the oft-recurring one as to what constitutes "an immediate delivery, and an actual and continued change of possession," and upon this question appellant contends that the evidence does not justify the verdict. The plaintiff gave evidence tending to prove that her husband was indebted to her, and sold her sixteen mares in satisfaction of the debt. These mares were pastured on land of the husband prior to the sale, and were branded with his brand. That at the time of the sale they were brought to the corral, and vented with the husband's brand, and then branded with plaintiff's brand. A bill of sale of the mares was also given. They were then turned back on the range where they had been before, and cared for, at sea-

sons requiring care, by men hired and paid by plaintiff.    One
of the means provided by statute for designating the owner-
ship of stock, whether horses, cattle, sheep or hogs, is by
marks and brands; a mode indeed well calculated to indicate
ownership, and which was in common use before the statute
was enacted.    If the husband's brand had been permitted
to remain upon the mares without venting, it, under the cir-
cumstances shown, would have been taken as conclusive of
his ownership, as in the case of Dean v. Walkenhorst, 64 Cal.
79, 28 Pac. 60, cited by appellant.    The plaintiff's brand
was different from that of her husband, easily distinguish-
able from it, and was not only notice of ownership, but almost
the only indication of ownership possible in the case of
"stock" animals which are not housed or commonly used.    In
McKee v. Garcelon, 60 Me. 165, 11 Am. Rep. 200, also cited
by appellant, the facts were materially different.    There the
cattle were sold by the husband to the wife.    A bill of sale
was given, and the cattle remained upon the husband's farm,
where both resided, as before, where all the cattle were kept
and used.    No other act of delivery was made, so far as the
report discloses, and we may therefore conclude they were
not branded.    Here there was not only a bill of sale, but the
husband's vent brand was put on, as the statute requires,
where branded animals are sold, and the purchaser's brand
was also put on.    It was properly said in the case last cited
that "it is clear that there is the same necessity of a delivery
where the parties to the sale are husband and wife that there
is in other cases.    For this purpose the wife sustains the
same relation to the husband as any other person."    In the
case at bar there can be no question that there was a delivery
of the property to the wife.    It may· have been fraudulent
and without consideration, but those questions were sub-
mitted to the jury with proper instructions, and from the
evidence they found that there was a consideration for the
sale, and that it was not fraudulent.    The sole question re-
maining, then, is as to the actual and continued change of
possession; and the only ground upon which it could reason-
ably be claimed that there was not is that they were kept
after the sale in the same place they were before.    This court
has repeatedly held that that is not conclusive.    It is a cir-
cumstance which the jury may look to in determining that

question, but it must be viewed in the light of other facts attending the transaction. Possession, after the transfer, by either party, is only evidence tending to show ownership, or a change of ownership. A change from the place where the property was kept before the sale may not be as conclusive evidence of a change of ownership as other visible indications upon the property itself, without a change of place; nor can the place where this property was kept by the plaintiff, after the transfer, be said to rebut or weaken the evidence shown by the change of brands, even if it was a place where she would naturally have kept similar property purchased from another. This property carried with it, wherever it might be, "the usual marks and indications of ownership," and were "such as to give evidence to the world of the claims of the new owner."

The evidence upon all points necessary to sustain the verdict was sufficient. The objections to questions put to the plaintiff upon cross-examination were properly sustained. Whether the plaintiff did or did not give in to the assessor in 1889 the ranch as her property could not in any manner affect the validity of her purchase of the mares in question the preceding July, and did not tend to show fraud in that transaction. The latter part of the question assumed what was not shown by the evidence, that she had made an affidavit as to her ownership of the ranch, and for that reason, as well as because it did not relate to nor affect the transaction involved in the litigation, was irrelevant. Nor can we perceive the materiality of the question as to how many sheep and cattle her husband had at the time of her marriage to him in the year 1887.

The only question arising upon the judgment-roll is as to the sufficiency of the description of the property to which the jury found the plaintiff entitled. The verdict is as follows: "We, the jury, find a verdict for the plaintiff, Mrs. Mary Asbill, for the 16 mares bought of F. M. Asbill on the 23d day of June, 1888, with suckling colts, which we value at $675; also 12 two year old mules, valued at $560; also 4 two year old horse colts, valued at $140; also 4 one year old mule colts, valued at $160; also 3 one year old horse colts. valued at $65, the latter being the increase of aforesaid 16 mares,—being a sum total of $1,600 for value of said animals

as a whole.'' We cannot say that the verdict is so uncertain that the judgment thereon cannot be executed. For aught that appears, the mares that were bought from F. M. Asbill, with their increase, are distinguishable from the other property sued for, and can be delivered by the defendant. All intendments are in support of the judgment, and, as this objection is presented upon the judgment-roll alone, it was incumbent upon the appellant to present by bill of exceptions such facts as would sustain his contention that the verdict is so uncertain that the judgment thereon cannot be executed. We cannot say from its language that such uncertainty exists.

The answer of the defendant affirmatively alleged that ''plaintiff claims title to the property described in the complaint, either directly or indirectly, from the said F. M. Asbill, her husband, to herself''; and also alleged ''that on or about June 23, 1888, . . . . all these things being well known to the plaintiff and to the said John B. Asbill, the said F. M. Asbill transferred by bill of sale, without consideration, sixteen head of horses, being part of the property described in the complaint, to the plaintiff herein, and at the same time transferred by bill of sale, without consideration, the remainder of said property described in the complaint to his son, John B. Asbill.''. The answer further alleged that the remainder of the property was transferred to the plaintiff by John B. Asbill, November 1, 1888. The appellant took all the property under an attachment, and justifies under his writ. His answer shows a familiarity with the property which precludes the idea that he is unable, for want of a sufficient description of the property in the verdict and judgment, to comply therewith; and, unless we can see how the defendant may be prejudiced by the defective description, we are not permitted to reverse the judgment: Code Civ. Proc., sec. 475. The discrepancy between the number of mares sued for and the number awarded plaintiff by the verdict was corrected in the court below, and no question is now made thereon. The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.