## Columbia Borough.    Lancaster County's Appeal.    | 163    259 |
| 27 SC ¹572 |

*Boroughs—Division of, into wards—Notice—Act of May 14, 1874.*

Those interested in or affected by a judicial proceeding should have proper and timely notice thereof; and if the kind of notice to be given is not prescribed by statute it is clearly the duty of the court in which the proceeding is inaugurated to direct, either by standing rule or special order, the kind of notice, etc., that shall be given.

In a proceeding under the act of May 14, 1874, P. L. 159, relating to a division of a borough into wards, notice of the proceedings should be directed by the court and the character of the notice to be given should be embodied in the order; and the report should certify specially what notice was given, so that it may appear on the face of the proceedings that the order of the court has been complied with.

In such a case the mere posting of small handbills in ten or twelve of the hotels and saloons of the borough is insufficient notice, where the borough contains twelve thousand inhabitants with several daily and weekly newspapers.

Argued May 16, 1894.    Appeal, No. 104, Jan. T., 1894, by Lancaster Co., and Robert S. Conklin, an inhabitant of Columbia borough, from order of Q. S. Lancaster Co., Jan. T., 1893, Minutes 334, dividing the borough of Columbia into nine wards and nine election districts.    Before Sterrett, C. J., Williams, McCollum, Mitchell and Fell, JJ.    Reversed.

Division of borough into wards.    Before Brubaker, J.

From the record it appeared that on Jan. 21, 1893, a petition of freeholders, residents of the borough of Columbia, was presented, asking the court to appoint three impartial men to inquire into the propriety of dividing the borough of Columbia into wards to suit the convenience of the inhabitants thereof, according to the provisions of the act of assembly.    On Jan. 23, 1893, the court appointed commissioners to inquire into the propriety of granting the prayer of the petitioners. Subsequently an order was issued to the commissioners which directed them to inquire into the propriety of granting the prayer of the petitioners, "and if they, or any two of them, shall be of opinion that such division is necessary for the convenience of the inhabitants thereof, shall make a plot or draft of the proposed new election district or districts, if the same

cannot be fully designated by natural lines or boundaries; all of which they, or any two of them, shall report to the next court of quarter sessions, together with their opinion of the same." The commissioners reported to the court at April Sessions, 1893, which was the next court of quarter sessions, that they had " viewed the said borough, and after due consideration are of the opinion the said borough of Columbia should be divided into nine wards, to suit the convenience of the inhabitants thereof, and they do therefore divide the said borough of Columbia into nine.wards, with the following lines and boundaries," etc. To this report a draft of the nine wards was attached.

Appended to the report was a notice of the time and place of meeting of the commissioners " where all persons may attend if they see proper," and an affidavit that the notice was put up in ten of the most public places in the borough, at least twenty days before the time of meeting, and that a copy was served on the chief burgess at the same time, naming ten hotels and saloons. One of the county commissioners accepted service.

This report was confirmed nisi, April 17, 1893, and on Aug. 24, 1893, it was confirmed absolutely, and a decree made. No exceptions were filed.

*Errors assigned* were (1) confirmation of report; (2) entry of decree.

*W. F. Beyer* and *J. Hay Brown, Geo. A. Lane* and *W. U. Hensel* with them, for appellants.—The order limited the commissioners to divide the borough into election districts only. They could not go beyond the order : Bethel Twp., 1 Pa. 97 ; Shamokin Boro. Div., 6 Pa. C. C. R. 573 ; Brown v. Fowzer, 114 Pa. 446 ; Harrison Twp., 5 Pa. 447.

The order was silent as to the character of notice to be given by them of the time, place and purpose of their meeting.

The notice which was given was inadequate, because it should have stated that the inhabitants would be accorded an opportunity to appear before the commissioners and be heard for or against the division : Division of Gettysburg, 90 Pa. 355; Dickson City Borough, 3 Lanc. L. R. 179.

The report should not have been confirmed absolutely by the court below, because the commissioners failed to express in their report their opinion of the expediency and propriety of a division : Harrison Twp., 5 Pa. 447.

*Chas. I. Landis, C. C. Kauffman, W. T. Brown* and *Wm. B. Given* with him, for appellees.—After the confirmation of the report of viewers absolutely by the court it is too late to file exceptions which are technical : Collins and Peebles Twp. Road, 36 Pa. 85 ; Walnut St., 31 Leg. Int. 332.

The notice was sufficient. It was special to those specially interested and general to those generally interested.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 12, 1894 :

It is of the first importance, in proceedings such as this, that proper public notice of the time, place and purpose of the commissioners' meeting, etc., be so given that it will be likely to reach every person who is or may be interested therein. Anything short of this, is sure to be unjust to individuals and detrimental to the public interest. True, the act is silent on the subject of notice, but, as was well said in Brown v. Fowzer, 114 Pa. 446, 451, " proper notice of the proceedings should be directed by the court on the filing of the petition, and the character of the notice to be given should be embodied in the order. The report should certify specially what notice was given, so that it may appear on the face of the proceedings that the order of court has been complied with. The powers conferred by the act are of a public and important character, and all parties interested ought to have an opportunity to be heard, and such opportunity can best be obtained by an adequate notice so given as to reach most effectively the various parties." It is elementary law that those interested in or affected by a judicial proceeding should have proper and timely notice thereof; and if the kind of notice to be given, etc., is not prescribed by statute, it is clearly the duty of the court in which the proceeding is inaugurated to direct either by standing rule or special order the kind of notice, etc., that shall be given.

In this case, on presentation of the petition, commissioners were appointed without any order or provision whatever as to notice. The order issued to them is not only silent as to the

character of the notice to be given by them of the time, place and purpose of their meeting, but it directs that "if they or any two of them shall be of opinion that such division is necessary for the convenience of the inhabitants thereof, they shall make a plot or draft of the proposed new election district or districts, if the same cannot be fully designated by natural lines or boundaries," etc. This substitution of "election districts" for "new wards" doubtless occurred, as has been suggested, by using the wrong blank form; but that is a very unsatisfactory excuse for the careless and erroneous practice which has characterized this proceeding.

As appears by their report, the commissioners, prompted perhaps by their own conviction of the necessity for notice of some sort, caused small handbills to be posted in ten or twelve of the hotels, saloons, etc., of the borough. So far as appears, no other attempt was made to notify the people of the proceeding in which they were all more or less interested. It is needless to say, that for a borough of about twelve thousand inhabitants, with daily and weekly newspapers circulating in their midst, such notice as was given was wholly insufficient. Such irregular and erroneous proceedings cannot be sustained.

Petition dismissed and all proceedings thereunder reversed and set aside.