## Nicholson Borough, Main Street.

*Road law—Change of grade—Order of court.*

In a proceeding under the act of May 16, 1891, for the assessment of damages resulting from the change of grade of a street, it is not necessary that the order of court for the appointment of viewers should contain a direction in detail to the viewers to comply with the requirements of the act.

*Road law—Change of grade—Assessments for benefits.*

Where the report of viewers shows that the only property damaged is a particular lot with a dwelling house erected thereon, and that neither damage nor benefit resulted to any other premises on the street, it is immaterial that the owner of the lot and dwelling house owned another lot contiguous to, and fenced off, from the lot on which the dwelling house stood. In such a case the viewers did not exceed their authority in considering the house and the lot on which it stood as a separate property.

*Road law—Constitutional law—Act of May 16, 1891, P. L. 75—Title of act—Statutes.*

The Act of May 16, 1891, P. L. 75, is sufficiently comprehensive in its title to cover provisions making boroughs liable for assessments against property damaged by change of grade of streets.

Argued Jan. 10, 1905. Appeal, No. 11, Jan. T., 1905, by Nicholson Borough, from order of C. P. Wyoming Co., June T., 1902, No. 75, dismissing exceptions to report of viewers In re Change of Grade of Main Street in Nicholson Borough. Before RICE, P. J.; BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of viewers. Before DUNHAM, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to report of viewers.

*James W. Piatt*, for appellant.—The order was insufficient: Quakertown Borough, 3 Del. Co. 217.; Allentown Road Case, 5 Wharton, 442; Macungie Twp., 14 S. & R. 67; Harrison Twp., 5 Pa. 447; Plum Twp., 83 Pa. 73; Bethel Twp., 1 Pa. 97; Conneaut Twp., 6 Pitts. Leg. J. 121; Columbia Borough, 163 Pa. 259.

The owner of a farm, or tract, a part of which is benefited, and another part of which is injured, may not divide his property arbitrarily so as to exclude from the consideration of the jury the advantages he secures in one place while recovering for the disadvantages suffered in another: B. & P. R. R. Co., v. Springer, 21 W. N. C. 143.

The title of the act of 1891, is insufficient: Stegmaier v. Jones, 203 Pa. 47; Phila. v. Market Co., 161 Pa. 522; Road in the Borough of Phœnixville, 109 Pa. 44; School Dist. of Eldred v. School Dist. of the Twp., 22 Pa. C. C. Rep. 235; York School Dist. v. West Manchester School Dist., 8 Pa. Dist. Rep. 97; Ridge Ave. Pass. Ry. Co. v. Phila., 124 Pa. 219; Com. v. Samuels, 163 Pa. 283; Dailey v. Potter Co., 203 Pa. 53.

*C. O. Dersheimer*, for appellee, cited: Elk Twp. School Dist., 146 Pa. 1; R. R. Co. v. Springer, 21 W. N. C. 143; Liberty Street, 11 Pa. Dist. Rep. 488; State Line, etc., R. R. Co's. App., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433.

OPINION BY HENDERSON, J., March 14, 1905:

Three objections are made by the appellant to this proceeding: (1), that the order to the viewers does not contain a description of the property and directions as to the duty of the viewers; (2), that the owner of the property cannot divide it for the assessment of damages; (3), that the act under which the proceeding is instituted is unconstitutional.

The petition for the appointment of viewers having been lost, the counsel concerned filed a stipulation that the petition was substantially in accordance with the report of viewers. The order for the appointment of viewers was indorsed upon the petition. The proceeding was at the instance of a landowner, under the act of May 16, 1891, for the assessment of damages resulting from the change of grade of Main Street.

The duties of the viewers are fully set forth in the act and relate solely to the subject of damages and benefits. The report is full and in strict compliance with the requirements of the statute, and shows that the viewers took into consideration the whole subject of damages and benefits resulting from the municipal improvement to all of the owners of property on the street. They found that the petitioner was the only person damaged by the improvement, and that no property owners were specially benefited thereby. The report shows an understanding by the viewers of the duties imposed upon them, and a strict and literal observance of the statute in the discharge of these duties. This we consider a sufficient compliance with the requirements of the law. Their inquiry related to the single subject to which their attention was directed by the order, and no substantial reason appears why the proceeding should be set aside on this account: Elk Twp. School Dist., 146 Pa. 1. The cases in the Supreme Court cited by the learned counsel for the appellant do not sustain his position. In Allentown Road Case, 5 Wh. 442 the petition was to vacate, the order was to lay out, and the report was to vacate. The order not following the petition, it was necessarily held that the proceedings could not be sustained. In Macungie Twp., 14 S. & R. 67 it did not appear from the report of the commissioners that they had considered the expediency of granting the prayer of the petitioners, nor were they directed by the order so to do. In Harrison Twp., 5 Pa. 447 the court inclined to the opinion that in a proceeding to erect a new township or alter the lines of a township, the order should direct the viewers to inquire into the propriety of granting the prayer of the petitioners. This is the very thing required by the statute. The viewers were not to proceed with the division of the township until they had first passed upon the question of the propriety of the proceeding. If as a result of such inquiry they should conclude that the measure was expedient, they were then to proceed to establish the boundaries or lines. The same conclusion was reached in Plum Twp., 83 Pa. 73 for the same reason. Columbia Boro., 163 Pa. 259 was decided on the ground that proper notice had not been given the parties in interest. As the sole duty of the viewers was to assess damages and benefits if any were found, and the mode of pro-

cedure is set forth fully in the statute, we are of the opinion that it was not necessary that the order of court should contain the direction in detail to the viewers to comply with its requirements.

The finding of the viewers was that S. L. Tiffany sustained damage to a lot particularly described in the report. This property was inclosed by a fence and a dwelling house was erected thereon. The petitioner owned other property immediately adjoining the house and lot on the north. Complaint is made that the viewers divided the property of the petitioner when taking the subject of damages into consideration. The viewers evidently took the property as they saw it on the ground. They found the lot as a separate inclosure and ascertained that the only damage caused to any property was to this house and lot. They found specifically that neither damage nor benefit resulted to any other premises on the street. It would seem to be a matter of no consequence, therefore, whether in estimating the damage to the petitioner they considered all the property owned on that side of the street or the house and lot which was damaged. If the other property of the petitioner north of his house and lot was neither benefited nor injured as the report shows, the result would be the same whether the viewers considered the whole of his property on that side of the street or only the house and lot referred to.

The viewers did not exceed their authority in considering the house and lot of petitioner as a separate property in view of its situation and the manner in which it was occupied. No disadvantage appears to have resulted to the borough from such consideration, nor according to the report would the result have been different if the property had been considered as one block.

The objection to the constitutionality of the act cannot be sustained. The liability of the borough for damages was not created by the act of 1891. Section 8 of article XVI. of the constitution subjects the borough to liability under such circumstances. But if the right were claimed solely under the act of 1891, the objection thereto would be without merit. It is an act "in relation to the laying out, opening, widening, straightening, extending or vacating streets and alleys, and the construction of bridges in the several municipalities of this com-

monwealth; the grading, macadamizing or otherwise improving streets and alleys, providing for ascertaining the damage to private property resulting therefrom, the assessment of damages, costs and expenses thereof upon the property benefited, and the construction of sewers and payment of damages, costs and expenses thereof including damages to private property resulting therefrom." The title clearly indicates "grading . . . . or otherwise improving streets " as well as " providing for ascertaining the damages to private property resulting therefrom," as subjects of the statute. Indeed, it would be difficult to make a more specific reference to the subject of legislation. The provision of the statute for the assessment of benefits upon all property enhanced in value by the improvement does not at all affect the liability of the borough for damages, but provides the mode by which owners of property specially benefited may be compelled by a species of local taxation to contribute to the loss sustained by other property owners. It would be unprofitable to discuss at length the authorities upon the subject of defective titles of statutes. The question has been so frequently considered in the Supreme Court and in this court, that we are relieved from that labor: Mauch Chunk v. McGee, 81 Pa. 433; Sugar Notch Boro., 192 Pa. 349; Com. v. Hazen, 207 Pa. 52; Overseers v. County of Armstrong, 11 Pa. Superior Ct. 175 are some of the cases referred to. The president of this court, in Pittsburg v. Daly, 5 Pa. Superior Ct. 528, shows conclusively that the eleventh section of the statute we are now considering is constitutional, and his reasoning applies with equal force to the objection raised by the appellant. The decree is affirmed.