ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 1. WHO MUST PROVIDE THE NOTICE OF THE HEARING REQUIRED UNDER TITLE 10 O.S. 1107 (1991), AFTER A CHILD HAS BEEN TAKEN INTO CUSTODY AS A DEPRIVED CHILD?
 2. MAY THE DISTRICT COURT, BY SPECIAL APPOINTMENT OR OTHERWISE, REQUIRE THE DEPARTMENT OF HUMAN SERVICES ("DHS") OR ITS EMPLOYEES TO PROVIDE NOTICE OF SUCH PROCEEDINGS?
BECAUSE YOUR REQUEST INVOLVES THE DETERMINATION OF FACTUAL ISSUES BEYOND THE SCOPE OF A FORMAL ATTORNEY GENERAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
RESEARCH INTO THESE QUESTIONS INDICATES THAT THEY MAY BE ANSWERED TOGETHER.
TITLE 10 O.S. 1101 (1991) ET SEQ., SETS FORTH THE PROCEDURE BY WHICH DISTRICT COURTS WITHIN THIS STATE MAY TAKE ACTION FOR THE CARE AND TREATMENT OF DELINQUENT, DEPENDENT AND NEGLECTED CHILDREN. SECTION 1102(A) THEREIN PROVIDES, IN PART:
 "UPON THE FILING OF A PETITION, OR UPON THE ASSUMPTION OF CUSTODY PURSUANT TO THE PROVISIONS OF SECTION 1107 OF THIS TITLE, THE DISTRICT COURT SHALL HAVE JURISDICTION OF ANY CHILD WHO IS OR IS ALLEGED TO BE DELINQUENT, IN NEED OF SUPERVISION, IN NEED OF TREATMENT, OR DEPRIVED, WHO IS FOUND WITHIN THE COUNTY; AND OF THE PARENT, GUARDIAN OR LEGAL CUSTODIAN OF SAID CHILD, REGARDLESS OF WHERE THE PARENT, GUARDIAN OR LEGAL CUSTODIAN IS FOUND."
10 O.S. 1104 PROVIDES THAT UPON THE FILING OF A PETITION, A SUMMONS SHALL BE SERVED UPON INTERESTED PARTIES TO THE CAUSE OF ACTION, UNLESS THE PARTIES APPEAR VOLUNTARILY. THAT SECTION PRESCRIBES LIMITS UPON AND REQUIREMENTS FOR SERVICE. HOWEVER, 10 O.S. 1107 OF TITLE 10 ALLOWS A CHILD TO BE TAKEN INTO CUSTODY PRIOR TO THE FILING OF A PETITION, UNDER CERTAIN CIRCUMSTANCES. 10 O.S. 1107(A). NO LANGUAGE REQUIRES THE ISSUANCE OF A SUMMONS OR MANDATES SPECIFIC SERVICE. SUBSECTION (C) OF THAT SECTION PROVIDES, HOWEVER, AS TO A DEPRIVED CHILD, THAT "(T)HE PARENT OR LEGAL GUARDIAN OF THE CHILD SHALL BE GIVEN IMMEDIATE NOTICE OF THE CUSTODY OF THE CHILD WHENEVER POSSIBLE AND PRIOR ADEQUATE NOTICE OF THE HEARING (UPON THE ALLEGATION OF DEPRIVATION)."
IN ORDER TO DETERMINE REQUIREMENTS AS TO THE PROVISION OF NOTICE UNDER 10 O.S. 1107, THE CARDINAL RULE OF SUCH STATUTORY CONSTRUCTION IS TO ASCERTAIN AND GIVE EFFECT TO THE INTENT OF THE LEGISLATURE. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718 (OKLA. 1982). WORDS USED IN A STATUTE MUST BE USED IN THEIR ORDINARY SENSE UNLESS OTHERWISE DEFINED BY THE LEGISLATURE AND UNLESS A CONTRARY INTENTION PLAINLY APPEARS. ID. SEE ALSO, 25 O.S. 1 (1991).
PETITIONS FILED PURSUANT TO 10 O.S. 1102 OF TITLE LO ARE DELINEATED IN 10 O.S. 1103 (1991). PARAGRAPH E OF 10 O.S. 1103(E) DIRECTS THAT THE PETITION BE ATTACHED TO AND DELIVERED WITH THE SUMMONS, THEREBY CONTEMPLATING SERVICE OF THE SAME TYPE AS REQUIRED IN AN ORDINARY CIVIL CASE BY THE OKLAHOMA PLEADING CODE. 12 O.S. 2000 (1991), ET SEQ. (THE "CODE"). 12 O.S. 2004 OF THE CODE SETS FORTH THOSE WHO SERVE PROCESS, AT THE ELECTION OF THE PLAINTIFF. THE PLAINTIFF MAY ELECT WHETHER (1) THE SHERIFF OR DEPUTY SHERIFF, (2) A PERSON LICENSED TO MAKE SERVICE OR PROCESS, OR (3) A PERSON SPECIALLY APPOINTED FOR THAT PURPOSE. THEREFORE, IT IS THE LOGICAL CONCLUSION THAT THE PERSON WHO FILES A PETITION UNDER SECTION 10 O.S. 1102 SHALL BE THE PERSON TO MAKE THE ELECTION FOR SERVICE OF SUMMONS UPON THE PROPER PARTIES IN INTEREST.
THIS INFERENCE DOES NOT APPEAR IN ACTIONS UNDER 10 O.S. 1107. THE SPECIFICITY IN REGARD TO PETITIONS PROVIDED IN 10 O.S. 1103 IS LACKING WITH REGARD TO THE NOTICE REQUIREMENT IN 1107. IN PARTICULAR, IT MUST BE NOTED THAT AT THE TIME A CHILD IS TAKEN INTO CUSTODY UNDER 1107, NO PETITION HAS BEEN FILED. (10 O.S. 1107(A)) THEREFORE, THERE IS NO PETITIONER. FURTHER, THERE IS NO REQUIREMENT IN THAT SECTION FOR ANY SUMMONS TO BE ISSUED. THIS SECTION DOES NOT CREATE AN IMPLICATION THAT THE OKLAHOMA PLEADING CODE WOULD CONTROL SERVICE OR NOTICE. GIVEN THE EXTRAORDINARY NATURE OF PROCEEDINGS UNDER SECTION 1107, THE INTENT OF THE LEGISLATURE WOULD APPEAR TO BE THAT NO PERSON IN PARTICULAR MUST GIVE NOTICE. IT IS PROVIDED ONLY THAT NOTICE OF THE HEARING MUST BE GIVEN, AND IT MUST BE "PRIOR ADEQUATE NOTICE." 10 O.S. 1107(C).
ARTICLE VII, SECTION 7, OF THE OKLAHOMA CONSTITUTION PROVIDES IN PART:
 "THE DISTRICT COURT SHALL HAVE UNLIMITED ORIGINAL JURISDICTION OF ALL JUSTICIABLE MATTERS, EXCEPT AS OTHERWISE PROVIDED IN THIS ARTICLE, AND SUCH POWERS OF REVIEW OF ADMINISTRATIVE ACTION AS MAY BE PROVIDED BY STATUTE."
THIS INCLUDES THE POWER OF A COURT NOT ONLY TO HEAR AND DECIDE A CASE, BUT ALSO TO MAKE AND ENFORCE REASONABLE RULES FOR ORDERLY PROCEDURE BEFORE THE COURT. PUCKETT V. COOK, 586 P.2D 721 (OKLA. 1978). AS WAS NOTED ABOVE, 10 O.S. 1102 OF TITLE 10 GIVES THE DISTRICT COURT OF THE COUNTY IN WHICH AN ALLEGEDLY DEPRIVED CHILD RESIDES JURISDICTION OVER SUCH CHILD.
WITH THIS AS A PREDICATE, IT APPEARS TO BE THE INTENT OF THE LEGISLATURE TO LEAVE IT OPEN TO A COURT WHICH TAKES JURISDICTION OVER AN ALLEGEDLY DEPRIVED CHILD TO MAKE SUCH ORDERS AS ARE NECESSARY TO PROVIDE NOTICE TO INTERESTED PARTIES PURSUANT TO SECTION 1107. WHILE NO CASES ON THIS POINT CAN BE FOUND IN OKLAHOMA, OTHER STATES HAVE FOUND THAT WHERE NOTICE IS REQUIRED BUT NO PROCEDURE THEREFOR IS GIVEN, IT IS THE DUTY OF THE COURT TO DIRECT THE METHOD OF NOTIFICATION. IN RE BOROUGH OF COLUMBIA, 30 A. 6, 163 PA. 259 (PA. 1894). IT HAS ALSO BEEN FOUND THAT STATUTES WHICH PROVIDE ONLY A REQUIREMENT OF NOTICE DO NOT NECESSARILY IMPLICATE SERVICE OF PROCESS. WOOD V. KANE, 129 S.E. 327 (CT.APP.VA. 1925).
THE RESULT OF ALL OF THIS WOULD INDICATE A LEGISLATIVE INTENT TO ALLOW FOR FLEXIBILITY IN EXTRAORDINARY CASES UNDER SECTION 1107 AND TO GIVE THE COURT OPEN-ENDED AUTHORITY TO TAKE ACTION NECESSARY TO GIVE NOTICE WITHIN THE SPIRIT OF SECTION 1107 AND ARTICLE VII, SECTION 7, OF THE OKLAHOMA CONSTITUTION. THE GOAL, ACCORDING TO 10 O.S. 1107(C), IS TO PROVIDE "ADEQUATE" NOTICE. THIS WOULD IMPLY THAT ACTUAL NOTICE BE GIVEN, AND THE METHOD UNDERTAKEN SHOULD BE REASONABLY CALCULATED TO BE EFFECTIVE IN THIS RESPECT. CREASY V. U.S., 4 F.SUPP. 175 (D.C.VA. 1933). THE METHOD MOST LIKELY TO PROVIDE ADEQUATE NOTICE UNDER 1107 IS DEPENDENT UPON FACTUAL CIRCUMSTANCES WHICH THIS OFFICE CANNOT ADDRESS.
OF COURSE, IT MUST BE NOTED THAT AT THE TIME PETITIONS ARE FILED UNDER 10 O.S. 1107, DHS WOULD NOT LIKELY BE A PARTY TO THE ACTION. IN THE CONTEXT OF 1107, THE PARTY INVOLVED AT THE TIME THE DEPRIVED CHILD IS TAKEN INTO CUSTODY AND BROUGHT BEFORE A DISTRICT JUDGE IS A "PEACE OFFICER OR EMPLOYEE OF THE COURT." 10 O.S. 1107(A) AND 10 O.S. 1107(C).
ARTICLE XXV, SECTION 1, OF THE OKLAHOMA CONSTITUTION CREATED THE OKLAHOMA DEPARTMENT OF PUBLIC WELFARE FOR THE RELIEF AND CARE OF THE "NEEDY, AGED PERSONS WHO ARE UNABLE TO PROVIDE FOR THEMSELVES, AND OTHER NEEDY PERSONS WHO, ON ACCOUNT OF IMMATURE AGE, PHYSICAL INFIRMITY, DISABILITY, OR OTHER CAUSE, ARE UNABLE TO PROVIDE OR CARE FOR THEMSELVES(.)" ARTICLE XXV, SECTION 2, OF THE OKLAHOMA CONSTITUTION PROVIDES, IN PART:
 "SAID DEPARTMENT OF PUBLIC WELFARE IS HEREBY CHARGED WITH THE DUTY AND RESPONSIBILITY OF FAITHFULLY ADMINISTERING AND CARRYING INTO EXECUTION ALL LAWS ENACTED PURSUANT TO THE AUTHORITY GRANTED IN SECTION ONE HEREOF, AND SHALL PERFORM SUCH OTHER DUTIES AS MAY, FROM TIME TO TIME, BE PRESCRIBED BY LAW."
A REVIEW OF TITLE 10 O.S. 1101 ET SEQ., DOES NOT INDICATE A STRICT LEGISLATIVE INTENT FOR DHS TO PROVIDE NOTICE OF ACTIONS. HOWEVER, NEITHER DOES IT INDICATE, ESPECIALLY IN CONJUNCTION WITH ARTICLE XXV, THAT A COURT DOES NOT HAVE JURISDICTION TO ORDER DHS TO TAKE SUCH ACTION.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT TITLE LO OF THE OKLAHOMA STATUTES, 1107, PROVIDES NO SPECIFIC METHOD FOR THE PROVISION OF NOTICE OF HEARING AFTER A CHILD HAS BEEN TAKEN INTO CUSTODY AS A DEPRIVED CHILD. FURTHER, ARTICLE VII, SECTION 7, OF THE OKLAHOMA CONSTITUTIONS ALLOWS THE DISTRICT COURT TO REQUIRE THE DEPARTMENT OF HUMAN SERVICES TO PROVIDE NOTICE NECESSARY UNDER SECTION 1107.
(JAMES ROBERT JOHNSON)