## Beck *v.* Penna. Poughkeepsie & Boston R. R. Co., Appellant.

|148
|f 211
271
¹403|

*Railroads—Right of way—Damages—Evidence.*

In an action to recover damages for land taken by a railroad company, a witness who has knowledge of the property, though not a real estate expert, may be asked whether its value was increased or diminished by the construction of the railroad.

The measure of damages is the difference between the market value of the property immediately before and immediately after such construction, and such a witness may be asked by how much its value has been lessened thereby.

*Supreme Court practice—Errors improperly assigned disregarded.*

Error assigned to the admission of evidence must set forth, not merely the question, but the answer, and if the answer is omitted, the assignment will not be considered.

Argued March 8, 1892.    Appeal, No. 104, July T., 1891, by defendant, from judgment of C. P. Northampton Co., June T., 1889, No. 53, on verdict for plaintiff, Thomas H. Beck.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover damages sustained by reason of the location and construction of the defendant's road.

On the trial before REEDER, J., plaintiff called a number of witnesses who were familiar with the property, and who were asked as to the effect produced upon it by the construction of defendant's road.    The character of this testimony appears by the opinion of the Supreme Court.

Verdict for defendant for $1,780.80 and judgment thereon. Defendant appealed.

*Errors assigned* were to the admission of this testimony, (1 and 9) quoting the offer, objection and ruling of the court, but not the testimony of the witness; (2–7) the testimony of witnesses as indicated in the opinion of the Supreme Court.

*George W. Mackey*, for appellant.

*William Mutchler*, for appellee.

PER CURIAM, March 28, 1892:

The first and ninth specifications of error do not conform to the rules of court, and will not be considered.    The remaining

specifications present but a single question, which is sufficiently set forth in the second specification, as follows : " The court erred in not sustaining the defendant's objection to the following questions, put by the plaintiff to his witness, Stephen Shoemaker : Q. In your judgment did the building of this railroad increase or decrease the value of the farm? Objected to as incompetent. By the Court.—The *objection is overruled.* Defendant excepts. Bill sealed. A. Of course it has decreased the value of the farm. Q. How much, in your judgment, has the building of the railroad decreased the value of the farm? Objected to as incompetent. Objection overruled. Bill sealed for the defendant."

We find nothing objectionable in the allowance of these questions. .It was clearly competent to ask a witness, who had knowledge of the property, whether its value was increased or diminished by the construction of the railroad through it. And if its value was lessened by such construction, we see no reason why he may not say how much, provided he has knowledge. It is true, the measure of the damages is the difference between the market value of the property, immediately before and immediately after such construction. We think the questions referred to bore directly upon this question, and were, at least, competent to go to the jury. It is not always possible to fix with certainty the market value of a farm. At most, it can only be done approximately, and evidence which tends to show that its value has either been increased or diminished by the construction of the road, is some evidence to enable the jury to determine this question.

Judgment affirmed.