## Elizabeth Township Sanitary Authority Case.

Argued October 10, 1963. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

504

*Robert Palkovitz,* with him *David S. Palkovitz, Jack Palkovitz,* and *Palkovitz and Palkovitz,* for appellants.

*Bernard J. McGowan,* with him *Gay B. Banes* and *John W. Mamula,* for appellee.

OPINION BY MR. JUSTICE JONES, March 17, 1964:

These appeals challenge the propriety of the dismissal by the Court of Common Pleas of Allegheny County of exceptions filed to a report of a board of viewers (viewers) which assessed benefits against lands of Mildred Butler Nill and Eva Butler Waldbaum (Butlers) arising from the construction of sanitary sewers under and through Butlers' land by the Sanitary Authority of Elizabeth Township (Authority), Allegheny County.

Butlers own a 564 acre tract of land upon one portion of which a sewage pumping station will be erected and under and through other portions of which trunk lines of the sewage system will be constructed.

The Authority, having adopted sewage system plans for Elizabeth Township, proceeded to divide the work of construction of the sewage system into several contracts, presumably for bidding, administrative and engineering convenience. Contract No. 5 dealt with the construction of a pumping station on one portion of Butlers' land, while Contracts 8 and 9 dealt with the

construction of sewer trunk lines under and through Butlers' land which lines are to be connected with the proposed pumping station.

By two separate resolutions—one dated March 25, 1960 and the other dated April 20, 1960—the Authority condemned the several portions of Butlers' land, even though only *one* unitary sewage system was planned. Under the first resolution, the Authority took a portion of Butlers' land—3,000 square feet—as the site for a pumping station and, under the *second* resolution, the Authority took easements for rights of way through and under Butlers' land for the construction and maintenance of sewer lines. The election to effect condemnation in this manner was that of the Authority.

Butlers' 564 acre tract is a contiguous unit, save for a small portion thereof which is separated from the rest of the tract by a public highway. The entire tract —on which were located a golf course and certain residential dwellings with the balance devoted to agricultural purposes—is clearly a "contiguous tract" within the rationale of *Elgart v. Philadelphia,* 395 Pa. 343, 149 A. 2d 641.

. Eventually, the matter came before the Court of Common Pleas of Allegheny County as two separate condemnation proceedings under the separate resolutions representing the two takings of the Authority. Although Butlers obtained an order from the Court to consolidate both proceedings, that order was subsequently vacated by the court below upon application of counsel for the Authority.[1]

In the proceeding which involved the condemnation of land for the site of the pumping station the viewers awarded *damages* to Butlers in the amount of $3500.

---

[1] No reason for the vacation of this consolidation order appears nor has any justifcation been advanced for vacation of that order.

Exceptions filed by Butlers to the Viewers' report were dismissed and that report confirmed absolutely. Butlers then appealed to the Court of Common Pleas of Allegheny County and, so far as the instant record indicates, that appeal is still pending.

In the proceeding which involved condemnation by the Authority of easements for rights of way under and through Butlers' land the Viewers, after a separate hearing, assessed *benefits* against Butlers in the amount of $9469. To this report of the Viewers Butlers filed exceptions which, in substance, contended that all matters between the parties had been adjudicated by the Viewers in the prior proceeding which related to the taking of the land for the site of the pumping station. The Authority contended, and does so still, that the proceedings in connection with the taking of the easements for rights of way involved an entirely separate and distinct taking from the proceeding which involved the taking of the land as the site of the pumping station. Although *exceptions* were filed to this report, Butlers did not take an appeal therefrom to the Court of Common Pleas of Allegheny County.

The court below dismissed Butlers' exceptions to the Viewers' report on two grounds: (1) that the Viewers were not compelled "to consider, in *one* proceeding, the value of two contiguous portions of land owned by the same parties—one of which is taken in fee simple absolute, under the power of eminent domain, and the other which is assessed for benefits resulting from the taking for rights of way"; (2) that, since Butlers have not taken an *appeal*, they may not raise on *exceptions* the question "that the assessments were unfair, improper, illegal, discriminatory and not based on any change in the market value of said property".

The court below was of the opinion that, under the instant circumstances, it was not required that there be only *one* proceeding to determine the damages and

benefits to Butlers' land. In so concluding, reliance was placed on *Nicholson Borough*, 27 Pa. Superior Ct. 570. In *Nicholson*—a proceeding to assess damages and benefits, if any, arising from the change of grade of a street—the owner had a fenced property abutting the street upon which was erected a dwelling house, and, in addition thereto, other property immediately adjoining and to the rear of the dwelling-house property. The Viewers found that (p. 573) "the lot [on which the dwelling house was located] was a separate enclosure and ascertained that the only damage caused to any property was to this house and lot" and that the property to the rear was neither damaged nor benefited and that "the result would be the same whether the Viewers considered the whole of the property on that side of the street or only the house and lot referred to". Factually, *Nicholson* is clearly inapposite to the case at bar.

The court below also relied on Section 1 of the Act of May 15, 1913, P. L. 215, 53 P.S. §1094, as indicative that viewers may treat damages and benefits as entirely separate matters: ". . . This act shall not prevent said viewers, if they so desire, from making a separate report of the damages and benefits respectively; . . . ." That portion of Section 1 must be read in context with the section in its entirety and such reading does not reveal a legislative direction that damages and benefits must be ascertained in separate proceedings but, on the contrary, that, when in *one* proceeding, damages and benefits are being ascertained, the viewers, in their discretion, might, by way of classification and for the enlightenment of the parties, *separately* in *that* proceeding indicate the amount of damages, the amount of benefits and the balance or "net amount". Nothing in Section 1 nor in Section 1926 of The First Class Township Code of June 24, 1931, P. L. 1206, as amend-

ed, 53 P.S. §56926 requires *separate* proceedings; on the contrary, a *unitary* proceeding is contemplated.

The Authority takes the position that, since there were *two* takings by two *separate* resolutions, there *must* be two separate proceedings. Such a position cannot be sustained. It ignores the fact that the only reason there were two takings of the same tract of land is that the Authority so elected and a consolidation of the proceedings ordered by the court was prevented by the Authority's action. Furthermore, such a position contravenes the rationale of our well settled law in this field. By the legal legerdemain employed by the Authority it could well be that the constitutionally protected right of an individual to "just compensation" for the taking of his property might be rendered worthless. The fictional device to which the Authority has resorted cannot, by indirection, accomplish that which our constitution has inhibited, i.e., the taking of property from an individual without "just compensation".

In determining this matter certain well settled rules must guide us: (1) for the taking of property in its entirety the criterion for the ascertainment of *damages* is the value of the entire lot as it was just before the taking: *Cox v. Phila. H. & P. R.R. Co.*, 215 Pa. 506, 64 A. 729; *Hoffman v. Phila.*, 250 Pa. 1, 95 A. 332; *Gaughan v. Scranton City*, 266 Pa. 586, 109 A. 682; *Mazur v. Commonwealth*, 390 Pa. 148, 134 A. 2d 669; *Sgarlat Estate v. Commonwealth*, 398 Pa. 406, 158 A. 2d 541; (2) for the taking of a portion only of an entire tract, the measure of *damages* is the damage to the tract as a whole resulting from the taking of a portion thereof: (*Darlington v. Penna. R.R. Co.*, 278 Pa. 307, 123 A. 284; *Ferguson v. Pittsburgh & Shawmut Railroad Co.*, 253 Pa. 581, 98 A. 732; *North Shore R.R. Co. v. Penna. Co.*, 251 Pa. 445, 96 A. 990) and the own-

er may claim of the condemnor the value of the property taken and damages, if any, resulting from such taking to the remaining portion of the property (*U. S. v. Dickinson,* 331 U. S. 745, 67 S. Ct. 1382; *U. S. v. Miller,* 317 U. S. 369, 63 S. Ct. 276; *Beck v. Penna., Pittsburgh & B.R. Co.,* 148 Pa. 271, 23 A. 900); (3) if the taking of a portion of an entire tract has *specially* benefited the remaining portion of the tract, such *special* benefits may be set off against the damages arising from the land taken (*U. S. v. Miller,* supra, p. 281; *Bauman v. U. S.,* 167 U. S. 548, 17 S. Ct. 966).

The court below proceeded upon the erroneous premise that the condemnation by the Authority involved two separate but contiguous tracts of land. The record shows there was one contiguous tract of land.

The sewer system involved is unitary and the construction thereof effects an impact on this whole 564 acre tract. The plan of construction involved a taking of portions of the tract for the site of a pumping station and the laying of the sewer trunk lines and to this extent at least the tract would suffer damage, which might be limited to only the actual area of the tract taken or extend to the value of the tract as a whole. On the other hand, the construction of the sewer system might result in special benefit to the tract in whole or in part. Under the position taken by the Authority there would be *one* proceeding to determine the damages, and extent thereof, to the tract arising from the taking of the pumping station location and another proceeding to determine the damages, and extent thereof, if any, to the tract arising from the laying of the sewer trunk lines as well as special benefits accruing to the tract from the construction of the entire sewer system. Logic, common sense and orderly legal procedure require but one proceeding wherein can be determined *all* the damages, if any, arising from the tak-

ing of the several portions of this tract and all the special benefits, if any, arising from the construction of the sewer system.

The rationale of the rule that, where a single tract of land is involved, determination of *all* damages, if any, and *all* special benefits, if any, arising from the appropriation of portions of the tract for the construction of a unitary sewer system, is set forth in *Pusey v. City of Allegheny*, 98 Pa. 522, 527: ". . . Hence the plaintiff was entitled to recover whatever damages she had suffered at the hands of the city, whether direct or consequential, and the contention that she must divide her claim, and recover for the property appropriated for the street, under the Act of 1870, and for the injury resulting from the cutting and grading by a different process under the Act of 1876, cannot be sustained. Such a method of splitting up damages resulting from a single transaction, and thus multiplying suits, is contrary to all legal policy; neither can it be supported by the Act cited. Under this statute, where the grading occurs as a separate act of the public authorities, and so long after the opening of the street that the assessment of the damages at the time of the appropriation cannot include those resulting from the grading, the latter may be ascertained by a second view, but not so where both can be assessed at one and the same time. The taking and the injury to the remaining land form but a single subject of complaint, and for them there can be but one assessment.

"From this it follows, that the property owner not only may, but must, submit his whole claim to the viewers and to the court, and that part thereof which he neglects so to submit must be taken to have been waived, and no second process can be had for its recovery." See also: *McGunnegle v. Pittsburgh & L. Erie R.R.*, 269 Pa. 404, 409, 409-411, 112 A. 553; *Holmes Petition*, 383 Pa. 99, 117 A. 2d 704; *Rosen-*

*blatt v. Pennsylvania Turnpike Commission,* 398 Pa. 111, 157 A. 2d 182, relied on by the Authority, is clearly distinguishable from the case at bar.

The argument of the Authority is that, since there are two takings by two separate resolutions, there must be two separate proceedings. This argument ignores: (a) the fact there is only one tract of land involved; (b) the fact that both the pumping station and sewer lines "were both planned and installed as parts of one single unit, during one single continuous plan of construction, during one single continuous entry upon [Butlers'] property, as essential, constituent and integral parts of one single sanitary sewer system which could not be operated without either one of said parts."[2]

Butlers would have us declare that the proceedings which involved condemnation of land for the pumping station site in which the viewers awarded $3500 as damages are res adjudicata of all matters in the instant proceedings. So stringent would be the result under the instant factual situation that it cannot be countenanced.

Under the facts of record, Butlers are entitled to show that damages, if any, have been caused to the tract as a whole by reason of the taking of a portion of the tract for the pumping station site and for the laying of the sewer lines and, by the same token, the Authority is entitled to show what special benefits, if any, have accrued to the tract by reason of the construction of the sewer system. The question of both damages and benefits should be determined by the same triers of the facts in the same proceeding. The order of consolidation of both proceedings instituted in the court below should not have been vacated. That justice may be done to all parties the order of the court

_____
[2] Appellants' brief, p. 27.

below should be reversed and the proceedings, to Nos. 2677 and 2678 July Term, 1961 should be consolidated and a trial had wherein both the questions of damages and benefits to this tract of land should be determined in one proceeding by the same triers of the facts.

The Authority has contended that whether there has been a change in value of a property as the result of benefits conferred by a public improvement thereon is a matter of discretion for the viewers which cannot be reviewed on exceptions to the viewers' report. With this contention we agree. However, the question before us is whether the procedure adopted in the assessment of damages and benefits to the same tract of land was appropriate as a matter of law. This matter has been properly raised and determined adversely to the Authority.

Order reversed and the matter remanded to the court below for consolidation for trial of the proceedings to Nos. 2677 and 2678 July Term, 1961.