Opinion by
Watkins, J.,
This is an appeal from the judgment of the Court of Common Pleas of Allegheny County entered upon a molded verdict after a trial by jury in favor of Willis O. Harris, the appellee, and against Urban Redevelopment Authority of Pittsburgh, the appellant, in an eminent domain proceeding.
The appellee was the lessee of the Hotel Kenyon located at 824 Federal Street on the north side of the City of Pittsburgh which was condemned by the Authority on April 6, 1962 and the appellee gave up possession of the premises on April 6, 1965.
Viewers were appointed and a hearing held at which the Authority offered no expert testimony. The viewers made an award in favor of the appellee and the Authority took an appeal to the Court of Common Pleas of Allegheny County.
The Authority contends that the court below committed error when it stated in the charge to the jury that the proceedings came before the court and jury on “an appeal from the award of the Board of Viewers”. The court also stated, at the instance of the appellant that the word “award” had the same meaning as the word “verdict”; and with this the appellant seemed satisfied. It was made clear to the jury that this was a trial “de novo” or as the court said, “heard all over again”. We see no prejudice to the appellant as the one taking the appeal was not disclosed or the nature of the award. Brown & Vaughn Development Co. v. Commonwealth, 393 Pa. 589, 143 A. 2d 815 (1958).
The Authority also contends the court below erred in refusing to permit the Authority to introduce evidence of a conviction of appellee in Allegheny County of the offenses of keeping a bawdy house and a house of assignation in 1959, after the appellee on direct ex *235 amination outlined Ms previous occupations and service including his service record. This was done without objection by Authority. This evidence was not material to the case and would have been excluded under proper objection. Greenberg v. Aetna Ins. Co., 427 Pa. 494, 235 A. 2d 582 (1967). However, Authority sought to attack the appellee generally by introduction of the criminal record. The admission of such evidence is largely up to the discretion of the trial court and under the circumstances of this case its exclusion was not an abuse of such discretion. Keough v. Republic Fuel and Burner Co., Inc., 382 Pa. 593, 116 A. 2d 671 (1955).
Authority also claims the trial court erred in molding the verdict returned by the jury. The jury, after evidence was given, and the court charged as to how an award could be reduced to present value, returned the following verdict:
“And now, to wit: February 10, 1967, we, the jurors empanelled in the above entitled case, find for the Plaintiff a
Bonus value of ...................... $8,500.00
Less 6% for 5% years ............... 2,592.50
$5,907.50”
This means of reducing the bonus value to present value did not meet any of the recognized methods of so doing. The court then took the bonus value as returned by the jury and by use of a recognized method reduced it to present value and added detention damages which was not done by the jury and molded the verdict as follows:
“Bonus value of leasehold, reduced to present worth .................... $6,950.55
Detention damages ................... 764.56
Amended verdict..................... $7,715.11”
*236 The means by which a given amount is reduced to present worth is very technical and somewhat confusing even to those supposedly learned in such matters, to say nothing of laymen sitting as jurors. The jury’s error was apparent on the face of the verdict and was corrected by the court to express the apparent intent of the jury. The action of the court under these specific circumstances was not improper.
The Authority’s claim that the court erred in refusing to permit the Authority to offer expert testimony as to appellee’s damages during the trial of the matter, because no such evidence was offered before the viewers, presents a novel and serious question.
The Act of 1964, Special Session, June 22, P. L. 84, Art. VII, §702, 26 PS §1-702, is as follows: “The condemnor shall, at the hearing before the viewers, present expert testimony of the amount of damages suffered by the condemnee.” The intent of the legislature was to make viewers’ hearings more effective by making it mandatory that the condemnor produce real evidence of the damage at that stage of the proceeding or be penalized by not having the opportunity to present such testimony at the de novo hearing. Section 1-703 of the Act contains the following:
“(1) Either party may, as a matter of right, have the jury, or the judge in a trial without a jury, view the property involved, notwithstanding that structures have been demolished or the site altered, and the view shall be evidentiary. If the trial is with a jury, the trial judge shall accompany the jury on the view.
“(2) If any valuation expert who has not previously testified before the viewers is to testify, the party calling him must disclose his name and serve a statement of his valuation of the property before and after the condemnation and his opinion of the highest and best use of the property before the condemnation and of any part thereof remaining after the condemnation, *237 on the opposing party at least ten days before the date when the case is listed for pre-trial or trial, whichever is earlier.
“(3) The report of the viewers and the amount of their award shall not be admissible as evidence.”
Each section deals with a separate and distinct step in an eminent domain proceeding and should be so interpreted. They are both clear and unambiguous and mandatory. Our problem is whether the penalty imposed upon appellant for noncompliance with §702, is as contemplated by the Act, or is it so harsh and onerous as to render the de novo trial on appeal a mockery. We feel it is the latter.
The reasonable procedure should be, in light of the power of both the viewers and the court, as follows: The viewers during the course of the hearing before them should require the introduction by the condemnor of expert testimony of the amount of damages suffered by the condemnee, or a stipulation by condemnor that no such evidence is to be offered. This stipulation would then be binding at all stages of the proceedings.
Failing this, as in the case now before us, where an appeal from the viewers’ award is taken to the court of common pleas, and the record indicates no such expert testimony has been offered by the condemnor before the viewers, the court on motion of the condemnee or on its own, should order the matter be returned to the viewers for the taking of such expert testimony or a stipulation none is to be offered. Thus the result desired by the statute will be obtained and any subsequent trial on appeal will be without taint and be truly de novo.
Judgment reversed and the court below is directed to remand this case to the viewers, who initially heard this matter, for a hearing in accordance with this opinion.