## Commonwealth v. Plasterer

*William H. Robinson, Jr.,* Assistant Attorney General, for condemnor.

*Thomas A. Ehrgood,* of Ehrgood & Ehrgood, for condemnees.

GATES, P. J., May 1, 1972.—On August 13, 1969, the condemnor condemned property of the condemnees for highway purposes. Thereafter, a board of viewers was appointed, a view conducted on November 24, 1971, and a hearing held on December 9, 1971.

At the viewers' hearing, the condemnor did not present testimony as to the amount of damages suffered by the condemnees contrary to the provisions of section 702 of the Eminent Domain Code of 1964.

The viewers filed their report and award on February 11, 1972.

On March 28, 1972, the condemnor filed with us a petition to remand the case back to the board of viewers in order to have the opportunity to present expert testimony in accordance with the mandate of section 702 of the Eminent Domain Code of 1964. Condemnees resist the request for remand.

We are of the opinion that the most effective remedy in a situation such as this would be to deny the Commonwealth the right to call any expert witness at the trial. However, we are bound by the decision in the case of Harris v. Pittsburgh Urban Redevelopment Authority, 212 Pa. Superior Ct. 232. In that case, the condemnor did not present expert testimony before the viewers but did offer such testimony at the trial on an appeal de novo. The trial court refused to allow the Commonwealth to call the witness. The Commonwealth appealed and the Superior Court reversed.

The Superior Court noted that each section (702 and 703) deals with a separate and distinct step in an eminent domain proceeding and should be so inter-

preted. They are both clear, unambiguous and mandatory. The court noted that the problem facing them was whether the penalty imposed by the lower court was as contemplated by the act, or so harsh and onerous as to render the de novo trial on appeal a mockery. Feeling it was the latter, the court set forth a reasonable procedure with which we are bound and is as follows:

". . . The viewers during the course of the hearing before them should require the introduction by the condemnor of expert testimony of the amount of damages suffered by the condemnee, or a stipulation by condemnor that no such evidence is to be offered. The stipulation would then be binding at all stages of the proceedings.

"Failing this, as in the case now before us, where an appeal from the viewers' award is taken to the court of common pleas, and the record indicates no such expert testimony has been offered by the condemnor before the viewers, the court on motion of the condemnee or on its own, should order the matter be returned to the viewers for the taking of such expert testimony or a stipulation none is to be offered. Thus the result desired by the statute will be obtained and any subsequent trial on appeal will be without taint and be truly de novo."

If the Superior Court is of the opinion that the foregoing is a reasonable procedure after a jury trial and verdict, certainly they would not think too kindly of us if we did not employ the remand procedure prior to jury trial. Consequently, we will make the following

ORDER

And now, to wit, May 1, 1972, the case is remanded to the board of viewers consisting of Samuel G. Weiss, Esq., chairman, William K. Bowman and Matthew

Karinch, members of the board, for the purpose of fixing a hearing in order to afford the Commonwealth the opportunity to present expert testimony, and to further ascertain and award just compensation to any and all condemnees who may have an interest in the real estate condemned, and to report to the court in accordance with the law.