Hampden Township *v.* Brackbill, et al.

Argued January 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for appellant.

*John M. Eakin,* for appellees.

OPINION BY JUDGE BLATT, March 6, 1973:

On August 31, 1971, the Township of Hampden (Township) filed a declaration of taking of an easement over certain tracts of land owned by Raymond and Margaret Brackbill and by Robert L. and Ada A. Brackbill and others (Brackbills) for construction of a sanitary sewer. This project involved approximately 200 different property owners. The Brackbills filed preliminary objections to the taking which were dismissed by the lower court. Thereafter they petitioned for the appointment of boards of view to ascertain and award damages, and such boards were appointed. On application of the Township, a rule was then granted on the Brackbills to show cause why the orders appointing the boards of view should not be vacated or, in the alternative, the boards enjoined from performing their duties until all condemnations involved in the sewer project could be heard at one time. It was argued that the boards must assess special benefits as well as ascertain damages and that this must be done in one proceeding. The lower court dismissed the rule and ordered the boards to proceed, holding that condemnees need not delay their quest for damages until benefits are ready for assessment. It also stated, however, that:

"The condemnees will, of course, be obligated to pay whatever assessments are eventually levied."

We agree with the Township that benefits and damages must be determined and assessed in the same proceeding, but we cannot agree that the final determination in each individual case must await the completion of all condemnation proceedings.

*Elizabeth Township Sanitary Authority Case,* 413 Pa. 502, 198 A. 2d 304 (1964), made it clear that in proceedings instituted under the First Class Township Code, Act of June 24, 1931, P. L. 1206, 53 P.S. §55101 et seq., there is no requirement that separate hearings be held to ascertain damages and assess benefits. Nor does the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, 26 P.S. §1-101 et seq., make any such requirement for proceedings begun thereunder.

Section 303 of the Eminent Domain Code, 26 P.S. §1-303, while providing that it is "a complete and exclusive procedure and law to govern all condemnations of property for public purposes . . .", also provides that it is not to be deemed to affect, vary, alter or modify "any act providing for the assessment of benefits for public improvements on the properties benefited." Moreover, a reading of other provisions of the Code indicates the meaning of this provision to be merely that other statutes pertaining to assessment of benefits are not to be superseded. It does not mean that, when a condemnation proceeding is instituted under the Code, benefits may not be assessed at the same time damages are ascertained.

Section 511(5) of the Eminent Domain Code, 26 P.S. §1-511(5), provides that viewers shall file a report which *shall* include: "[a] schedule of damages awarded and benefits assessed. . . ." The Comment of the Joint State Government Commission which accompanies this section, states: "Clause (5) does not affect those laws which permit municipalities to assess upon the

properties benefited the costs, damages and expenses for public improvements such as sewers. . . . In such cases, benefits may exceed damages. The benefits to be assessed under subection (5) are only such as are assessable under Section 606 of this act."

Section 606 of the Eminent Domain Code, 26 P.S. §1-606 states that: *"In determining the fair market value of the remaining property after a partial taking, consideration shall be given to the use to which the property condemned is to be put and the damages or benefits specially affecting the remaining property due to its proximity to the improvement for which the property was taken.* Future damages and general benefits which will affect the entire community beyond the properties directly abutting the property taken shall not be considered in arriving at the after value. Special benefits to the remaining property shall in no event exceed the total damages except in such cases where the condemnor is authorized under existing law, to make special assessments for benefits." (Emphasis added.)

The Comment thereto provides, in pertinent part: "It is also the purpose of this section to provide, in accordance with existing law, that general benefits and damages which accrue to the community as a whole are not to be considered in arriving at the after value. Only special, particular and direct benefits and damages to the remaining property may not exceed the amount of damages to which the condemnee is entitled; in other words, the condemnor cannot obtain a judgment against the condemnee on the basis that the special benefits exceed the damages. This act is not intended to supersede or otherwise affect those statutes which authorize the assessment of benefits covering the cost of public improvements, such as sewers, or the method of assessing them, except where a condemnation cognizable under this act accompanies the installation of the assessable improvement, in which case the entire proceeding is

intended to be under this act and such benefits may be assessed as provided in the last sentence of this section."

These sections make it clear that the board of viewers is to ascertain damages and assess benefits in one proceeding. Section 606, in providing the power and the authority to consider special benefits, when read along with Section 511(5), clearly indicates that this is to be done in the same proceeding in which damages are determined. Action having been initiated under the Eminent Domain Code, Section 606 of which requires the consideration of special benefits, the Township may not subsequently seek to assess benefits under the provisions of the First Class Township Code.

The Township's request here that only one board of view should consider all condemnations involved in this sewer project and that it should not meet until all condemnations have been made might ultimately serve to deprive the condemnees of their just compensation. This right to just compensation accrues immediately upon condemnation and cannot be taken away or diminished by legislative action. *Wolf v. Commonwealth*, 403 Pa. 499, 170 A. 2d 557 (1961). That the Township will not know the actual cost of the entire project at the time it files the declarations of taking is immaterial, for it can make a reasonable estimate thereof. The assessments must be levied on the basis of the *actual* benefits to the landowners, and, if such benefits amount to less than the project cost, the balance of such cost can be charged to the Township. *McCandless Township Appeal*, 414 Pa. 168, 199 A. 2d 438 (1964).

We must hold, therefore, that the Brackbills are entitled to have a board of view appointed which will ascertain damages to their properties and at the same time assess any benefits accruing thereto, but they will not be liable for any further assessments because of this taking.

The order of the lower court is affirmed in part, therefore, insofar as its dismissal of the rule is concerned, but reversed in its holding that further benefits may be assessed later upon the condemnees. The record is thereby remanded to the lower court for further proceedings consistent with this opinion.