## Assessment by North Franklin Township Sanitary Authority

*William C. Hart,* for North Franklin Sanitary Authority.

*Sanford S. Finder,* for property owners.

GLADDEN, *J.,* October 16, 1975—Argument was heard on property owners' petition to vacate the appointment of a board of viewers. The board in question was appointed by this court on petition of the North Franklin Township Sanitary Authority to assess benefits, if any, against property of Charles and Edith M. Sprowls, resulting from the construction of a sanitary sewer line.

The subject property is an irregular tract which abuts other property owned by Sprowls. The other property is known as lot no. 9 in the Mary's Manor Plan of Lots. The Mary's Manor Plan, laid out by Sprowls, and the irregular tract can be traced to a common owner. Lot 9 is vacant; there is a four-unit apartment building on the irregular tract. Lot 9 fronts on the main line of the sewer system but the irregular tract, which lies to the rear of lot 9, does not.

During the construction of the sewer system, it became necessary for the authority to condemn a right-of-way across a portion of lot 9 so as to provide a sewer service line to the irregular tract. Condem-

nation proceedings were initiated and a board of viewers was appointed to assess damages to lot 9 for the right-of-way. The board on February 8, 1969, assessed no damages, apparently off-setting the benefits to lot 9. See papers filed in this county at 374 May term, 1968, A.D.

Prior to the condemnation, the authority, on May 3, 1968, filed a scire facias sur municipal claim against lot 9 and the irregular tract at March term 1968 M.L.D., No. 514. This claim was for $2000 with interest from March 1, 1968. To this claim, owners filed an affidavit of defense and the matter was referred to arbitration. On May 24, 1973, the arbitrators found for the plaintiff-authority in the "sum of $800 for M.L.D. filed on lot 9 and no damages assessed and lien discharged on tract of land behind lots 9 & 10 as recited in claim." No appeal was taken from this award.

Subsequently, on September 4, 1974, the authority filed for appointment of a board of viewers to assess the benefits which it claims have accrued to the irregular tract and its improvements. It is this application that is now in dispute.

The authority at argument has directed our attention to the fact that the arbitration award on the municipal claim was limited only to lot 9. It claims that since lot 9 abutted the sewer line, it was subject to a front-foot assessment established for the project at $8 per front foot. The irregular tract does not abut the line and is served by a connecting line across lot 9. The authority admits it was in error when it attempted to assess that tract on the front-foot formula. It argues that the arbitrators properly discharged the lien against the irregular tract and that now a board of viewers must be appointed to fix benefits.

Sprowls argues that the benefits, if any, to the

irregular tract were considered and adjudicated when the original board of viewers met to consider the condemnation of the right-of-way across lot 9. They say this right-of-way was taken to provide service to the irregular tract and that the viewers must have considered the benefits to the irregular tract when it found no damages to lot 9. They also contend that if no benefits were assessed in that proceeding against the irregular tract, that the authority is estopped to have the matter reopened and another board appointed.

Sprowls next argues that the award of the arbitrators is res adjudicata as to the irregular tract, since the lien was discharged and no appeal was taken.

Finally, Sprowls raises the statute of limitations as a bar to these proceedings. We have reviewed the record papers at May term 1968 A.D., No. 374. Our review reveals that this proceeding was concerned with lot 9 exclusively. The authority was required to condemn a right-of-way across this lot, and for that reason the declaration of taking was filed. From a reading of the viewers' report it appears that both condemnor and condemnees regarded lot 9, a separate and distinct tract of ground, as the exclusive subject of the condemnation proceeding. Each side gave testimony to establish a before and after value to lot 9 only. The irregular tract was not considered, and properly so, since it was not subject to the condemnation proceeding. There is nothing in the viewers' report which shows an assessment of benefits against the irregular tract. The report merely concludes that the damages resulting from the condemnation were off-set by the benefits as to lot 9. Since there was no condemnation of the irregular tract and since damages and benefits were both considered as to lot 9, we find that the decision

in Hampden Township v. Brackbill, 8 Pa. Commonwealth Ct. 58, 301 A. 2d 420 (1973), cited by Sprowls which holds that damages and benefits must be determined in one proceeding, does not affect the irregular tract. There is no estoppel. The board was not asked to assess benefits against the irregular tract and accordingly it did not.

The disposition by the board of arbitrators is not res adjudicata to the matter before us. The arbitration resulted in the assessment against lot 9 based on a front-foot formula and the discharge of the municipal lien against the irregular tract, since by reason of its location it was not subject to a front-foot assessment. In Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, 183 Pa. Superior Ct. 588, 132 A. 2d 909 (1957), the court said, at page 590:

"As far as we can ascertain, the appellate courts of Pennsylvania have never interpreted the foot front rule in such manner as to permit the assessment of property frontage which does not actually abut on the line of the improvement."

The municipal lien against the irregular tract was not assessed properly and, therefore, was discharged by the arbitrators; neither side appealed the result.

Since the viewers at May term 1968 A.D., No. 374, were limited to assessment of damages-benefits to lot 9, and since the municipal lien was discharged as to the irregular tract by arbitration, we must now consider whether the present application for the appointment of a board of viewers is within the statutory time limit.

Our research and the briefs of counsel do not shed much light on this subject. The Eminent Domain Code, (26 P.S. §1-101 et seq.,) says this in the comment:

"This act is not intended to supersede or otherwise affect those statutes which authorize the assessment of benefits covering the cost of public improvements, such as sewers, or the method of assessing them, except where a condemnation cognizable under this act accompanies the installation of the assessable improvement, in which case the entire proceeding is intended to be under this act and such benefits may be assessed as provided in the last sentence of this section."

This is not a condemnation cognizable under the act, and the code is not applicable with respect to a limitation of this action.

We find no applicable limitation in the Second Class Township Code. Since this matter has been active litigation, we cannot find prejudice to the Sprowls in any delay by the authority. Accordingly, we enter the following

### ORDER

And now, October 16, 1975, the petition to vacate board of viewers is dismissed. The matter is to proceed without further delay.