## Goddard v. Commonwealth

*Richard J. Audino*, for plaintiff.
*Jeffrey L. Giltenboth*, for Commonwealth.

HENDERSON, P. J., November 4, 1975—The Commonwealth condemned a portion of the condemnee's real property by filing a declaration of taking on August 23, 1971. The parties were unable to agree upon the just compensation to be made for the premises. On January 31, 1972, upon petition

by the condemnee, this court appointed a board of viewers to assess the damages. A view of the premises was conducted and a hearing before the board of viewers was held on August 8, 1972.

At the hearing before the board of viewers, the Commonwealth, over objections of the condemnee, read into the record a report submitted by the Commonwealth's expert, John R. McClure, setting forth Mr. McClure's opinion as to damages. On August 18, 1972, the board of viewers filed their report awarding the sum of $21,500 to the condemnee. The Commonwealth appealed from this award. At the pretrial conference, both parties stipulated that the only question to be considered on preliminary objections was whether the Commonwealth would be permitted at trial to introduce, by means of expert testimony, its opinion as to the damages suffered by the condemnee.

Section 702 of the Eminent Domain Code of June 22, 1964 (Sp. Sess.), P.L. 84, art. VII, 26 PS §1-702, requires the condemnor to present expert testimony concerning the amount of damages suffered by the condemnee at the board of viewer's hearing. The intent of the legislature in enacting this section was to make viewer's hearings more effective by making it mandatory that the condemnor produce real evidence of the damages at that stage of the proceeding or be penalized by not having the opportunity to present such testimony at the de novo trial on appeal: Harris v. Pitts. Urban Redevelopment Authority, 212 Pa. Superior Ct. 232, 243 A. 2d 167 (1968). While the formal rules of evidence need not be observed at the viewer's hearing (26 PS §1-701), both parties agree that the reading into the record of the opinion of the Commonwealth's expert failed to comply with section 702.

The Commonwealth argues that this case should be remanded to the board of viewers for the purpose of taking expert testimony. The only appellate decision discussing this point is Harris v. Pitts. Urban Redevelopment Authority, supra (hereafter "Harris"). In Harris, where, as here, the Commonwealth failed to offer expert testimony at the viewer's hearing, our Superior Court ruled that the Court of Common Pleas, "on motion of the condemnee or on its own, *should* order the matter be returned to the viewers for the taking of such expert testimony or a stipulation none is to be offered.": Harris, supra, 212 Pa. Superior Ct. at 237, 243 A. 2d at 170. (Emphasis supplied.) The express language of the Harris decision is not mandatory but rather suggests a procedure for courts to follow if none of the parties would thereby be put to a disadvantage. Here, the condemnee has not moved that the case be remanded to the board of viewers. For the reasons set forth below, we decline to remand to the board of viewers.

The use of a board of viewers to assist the parties and the courts in determining the just amount of condemnation damages is well established in Pennsylvania. The purpose of viewers is to provide a competent and efficient preliminary step in determining damages so as to effect speedy settlements: Hampden Township v. Brackbill, 8 Pa. Commonwealth Ct. 58, 301 A. 2d 420 (1972); Commonwealth ex. rel. Kelley v. Cantrell, 327 Pa. 369, 193 Atl. 655 (1937); Reber's Petition, 235 Pa. 622, 84 Atl. 587 (1912); Snitzer, Pennsylvania Eminent Domain §701-1 (1965).

Section 702 of the Eminent Domain Code constitutes a departure from prior law. The official commentary points out that under prior law, condem-

nors often withheld their expert testimony and used the viewer's hearing as a device to discover the condemnee's valuation evidence. This was deemed unfair to condemnees. As noted above, the intent of the legislature in enacting section 702 was to require condemnors to produce at least some expert testimony concerning damages at the viewer's hearing or be precluded from offering such evidence at trial.

In the Harris decision, supra, the Superior Court suggested a less harsh remedy, i.e., remanding the case to the board of viewers. This decision has been criticized as perpetuating the abuse which the legislature expressly chose to eliminate. See Commonwealth v. Plasterer, 55 D. & C. 2d 529, 530 (Lebanon C. P., 1972, Gates, P. J.); Snitzer, Pennsylvania Eminent Domain §702 (1973 Supp.). While we express no opinion on this matter, we again note that the language in Harris was not mandatory but merely suggested a preferred procedure.

Here, the hearing before the board of viewers occurred over three years ago. We note that the then chairman of the board of viewers, Mr. Post, is no longer a chairman and at least one of the other two viewers is no longer a member of the board of viewers. A remand at this point would result in the entire hearing and view of the premises being repeated, entailing additional expense and delay to the condemnee.

The Harris decision, supra, was an effort by the Superior Court to provide an alternative remedy to the courts in order to avoid what was considered to be the harsh and onerous consequences of a strict application of section 702: Harris, supra, 212 Pa. Superior Ct. at 237, 243 A. 2d, at page 170. In this case, however, it appears that a strict adherence to

Harris would result in equally harsh and onerous consequences to the condemnee. In such a case, particularly where the condemnor appeals from the award of the board of viewers, and in view of the clear legislative intent of section 702, we feel that the case should proceed to a trial de novo with the condemnor precluded from introducing expert testimony concerning damages to the condemnee: Statutory Construction Act of November 25, 1970, P.L. 707 (No. 230), as amended, 1 Pa. C.S.A. §1921.

### ORDER

Now, November 4, 1975, it is hereby ordered, adjudged and decreed that the question submitted to the court on stipulation is decided in favor of plaintiff, Hazel Goddard, in accordance with the opinion filed herewith, and the Commonwealth of Pennsylvania, Department of Transportation, shall not be permitted at trial to introduce by means of expert testimony its opinion of the damages suffered by the condemnee as a result of the taking by the Commonwealth of Pennsylvania, Department of Transportation.