Hazel Goddard *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued May 3, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS and BLATT. Judge KRAMER did not par-
ticipate.

*Jeffrey L. Giltenboth,* Special Assistant Attorney
General, with him *Robert W. Cunliffe,* Deputy Attor-
ney General, and *Robert P. Kane,* Attorney General,
for appellant.

*Richard J. Audino,* with him *Rea and Audino,* for
appellee.

OPINION BY JUDGE ROGERS, June 8, 1976:

Section 702 of the Eminent Domain Code, Act of
June 22, 1964, Special Sess., P.L. 84, *as amended,* 26
P.S. §1-702, provides that "[t]he condemnor shall, at
the hearing before the viewers, present expert testi-

mony of the amount of damages suffered by the condemnee.''

The instant appellant, the Commonwealth, by its Department of Transportation (PennDOT), took real estate of the appellee, Hazel Goddard. A Board of View was appointed and conducted a hearing at which the only person who appeared for PennDOT was an employee with the title Real Estate Specialist but who was not qualified to present expert valuation testimony. The Board of View permitted him to read the report of PennDOT's missing valuation expert. PennDOT's brief in this appeal states that this reading was with the consent of counsel for the condemnee but the condemnee says that it was done over his counsel's vigorous objection.

PennDOT appealed the Board of View's report to the Court of Common Pleas of Lawrence County, demanding a jury trial. In a fashion not clear in this record, PennDOT sought an order in the court below remanding the case to the Board of View so that it might properly present the testimony of the valuation expert. The lower court refused the application, ordered the trial to proceed and declared that at such trial PennDOT, by reason of its failure to present expert testimony to the Board of View, should be barred from presenting any valuation evidence at the trial de novo. PennDOT has appealed from the lower court's order. We will entertain the appeal despite reservations as to finality of the order below by viewing it as a decree confirming the viewer's report, which by Section 517 of the Eminent Domain Code, 26 P.S. §1-517, is declared to be a final order. A further reason is that this simple eminent domain case is now almost five years old.

We believe that the lower court's order was erroneous. In *Harris v. Pittsburgh Urban Redevelopment Authority,* 212 Pa. Superior Ct. 232, 243 A.2d 167

(1968), the trial court had refused offers of valuation testimony of a condemnor which, in violation of the command of Section 702, had failed to present expert testimony before the Board of View. The Superior Court reversed a judgment entered on the verdict, declaring, by President Judge WATKINS, that the penalty for failure to comply with Section 702 imposed by the lower court was so harsh as to render the de novo trial on appeal a mockery, and that

"The reasonable procedure should be, in light of the power of both the viewers and the court, as follows: The viewers during the course of the hearing before them should require the introduction by the condemnor of expert testimony of the amount of damages suffered by the condemnee, or a stipulation by condemnor that no such evidence is to be offered. This stipulation would then be binding at all stages of the proceedings.

"Failing this, as in the case now before us, where an appeal from the viewers' award is taken to the court of common pleas, and the record indicates no such expert testimony has been offered by the condemnor before the viewers, the court on motion of the condemnee or on its own, should order the matter be returned to the viewers for the taking of such expert testimony or a stipulation none is to be offered. Thus the result desired by the statute will be obtained and any subsequent trial on appeal will be without taint and be truly de novo." 212 Pa. Superior Ct. at 237, 243 A.2d at 170.

The able and thoughtful opinion of the court below in this case expresses the concern that the remedy of remand for the receipt of the condemnor's expert testimony or its stipulation that no such testimony would be adduced, would permit abuses by condemnors. The fact that this is only the third reported case on the subject since the adoption of the Eminent Domain Code

116

in 1964, *Commonwealth v. Plasterer*, 55 Pa. D. & C. 2d 529 (1972), being the third, indicates that such a practice is not epidemic. We agree with the Superior Court that the harshness of the penalty suggested by the lower court (not to mention the public interest in the award of fair damages, fairly arrived at) outweighs the apparently illusory concern that condemnors will, by failing to comply with Section 702, have the advantage of ascertaining the condemnee's expert testimony without revealing its own.

Order reversed; the record is remanded with directions to remit the case to a Board of View for a new hearing at which PennDOT shall either present expert testimony of the amount of the condemnee's damages or stipulate that it will not do so at any stage of these proceedings.