## Goddard v. Department of Transportation

*Richard Audino,* for plaintiff.
*Jeffrey L. Giltenboth,* for defendant.

HENDERSON, *P.J.,* July 6, 1977—This matter comes before us again after a remand from Commonwealth Court ordering a new hearing by a board of view: Goddard v. Commonwealth of Pennsylvania, Department of Transportation, 25 Pa. Commonwealth Ct. 112, 358 A.2d 436 (1976). At issue now are condemnee's objections to the court's appointment of a new board of viewers, it being the condemnee's position that the matter should be reassigned to the original board.

We need not delve deeply into the prior procedural history. It is sufficient to recall that in 1971, a declaration of taking was filed by condemor, Commonwealth of Pennsylvania, Depart-

ment of Transportation (hereinafter referred to as PennDOT). Condemnee petitioned for appointment of a board of viewers and a view and hearing were held in 1972. At the hearing, PennDOT improperly introduced a written appraisal submitted by its expert witness. No other evidence was introduced by condemnor. PennDOT appealed the board's award.

Prior to trial on the appeal, the question was raised as to whether PennDOT could present its valuation testimony, which it agreed had been improperly admitted at the hearing. This court made a ruling prohibiting such testimony at trial. This was appealed and Commonwealth Court reversed with the following order:

"Order reversed; the record is remanded with directions to remit the case to a board of view for a new hearing at which PennDOT shall either present expert testimony of the amount of the condemnee's damages or stipulate that it will not do so at any stage of these proceedings." Goddard, supra, 25 Pa. Commonwealth Ct. at 116.

PennDOT then filed a petition for appointment of a board of viewers on September 27, 1976, and a new board was appointed. None of the three persons who had made the earlier view were appointed to this board since their terms on the Lawrence County board of viewers had all expired. A petition for the substitution of viewers was filed by condemnee on December 9, 1976. It requested that the court substitute the original board of viewers for the one appointed on September 27, 1976. This request was made because the structure formerly owned by condemnee on the land in question had been razed several years ago and a newly appointed board of view would not have the

opportunity of viewing the property in its original condition prior to making its award. This is the issue now before us.

PennDOT argues that condemnee has waived all objections to the appointment of the new board of viewers by her failure to file preliminary objections within 20 days of that appointment. In oral argument, it also argued that no requirement existed to have the original board reconstituted since boards of viewers often make awards without an opportunity to view, and the view of the original board would not be particularly useful since it was made almost five years ago.

PennDOT's contention that condemnee has waived any objections is based upon section 504 of the Eminent Domain Code of June 22, 1964, P.L. (Sp. Sess.) 84, as amended, 26 P.S. §1-504. The pertinent portion of that section is as follows: "Any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers. Objections to the form of the petition or the appointment or the qualification of the viewers are waived unless included in preliminary objections. The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require."

Condemnee's petition, although not so titled, is in essence a preliminary objection. Fundamental fairness requires that we treat it so, since preliminary objections are the only way objections to the appointment of viewers can be made under the Eminent Domain Code, and condemnee's petition is clearly an objection to the appointment of new viewers.

We must decide whether this 20 day period is mandatory or permissive. Although no appellate cases have decided this matter, one local court has indicated that the period is not mandatory: Swager v. Redev. Auth. of the City of Chester, 58 D.&C. 2d 46 (Del. Co. 1972). Even though proceedings under the Eminent Domain Code are not governed by the Rules of Civil Procedure (Commonwealth Dept. of Transportation v. Ambrosia, 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976)), an analogy can be drawn between this rule and the 20 day period given to answer a pleading by Pa. R. C. P. 1026. The latter rule is permissive and the word "shall" as used there does not make the period mandatory: Fisher v. Hill, 368 Pa. 53, 81 A.2d 860 (1951); Paulish v. Bakaitis, 442 Pa. 434, 275 A.2d 318 (1971).

The provision being interpreted here contains the word "may" which is even more permissive than the word "shall." By using that word, the legislature clearly intended to give the courts discretion to allow preliminary objections to be filed after the 20 day period. Since this case has been of record for more than five years already, a delay of 55 days before the filing of condemnee's pleading causes no substantial prejudice to PennDOT. No prejudice was alleged by PennDOT in its answer to condemnee's pleading. While we do not condone the delay exhibited by condemnee in filing her objection, we conclude that no waiver of objections occurred.

Now we reach the crux of this matter which is whether the original board should be substituted for the new board. Neither side has brought forth any cases on this point. It is clear that the court

has broad discretion in this area, as is shown by the above-quoted portion of section 504 which states: "The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require." The order of the Commonwealth Court remanding this matter does not indicate which board of view is to conduct the new hearing.

Initially we must determine if the original board of viewers can be reconstituted since none of the members of that board are on the present county board of viewers. Article VIII of the Eminent Domain Code, 26 P.S. §1-801 et seq., provides for a board of viewers in each county of not less than three members (one-third attorneys) appointed by the judges of the court of common pleas for terms of between three and six years. But all such appointments are subject to the power of the court, at its pleasure, to remove members of the board before the expiration of their terms of office and appoint successors. Under these rules the court can appoint the original viewers back on the county board of viewers and then remove them upon the completion of this matter. Although the County Code states that each county board of viewers will consist of no more than nine members: Act of August 9, 1955, P.L. 323, 16 P.S. §1101; this presents no problem in this case since the Lawrence County board of viewers presently has only five members. No impediment exists to prevent the substitution desired by the condemnee.

Since it is possible to reconstitute the original board of viewers, we will do so. Although, as condemnor argues, often boards of viewers have made awards for previously razed property with-

out making a view, a viewing is a very useful aid in determining value of property and should not be lightly discarded.

The importance given to a viewing of property in eminent domain cases is shown by section 703 of the Eminent Domain Code, 26 P.S. §1-703, which states that either party at trial may, as a matter of right, have the jury (or judge in non-jury cases) view the property, and such view is evidentiary. Thus a jury can ignore expert testimony and render a verdict based upon their view if they so desire: Wolfe v. Redev. Auth. of Johnstown, 1 Pa. Commonwealth Ct. 172, 273 A.2d 923 (1971).

Although the viewing occurred almost five years ago, some of the impressions received by the members of the board at that time may still linger. Photographs might refresh their recollection. Since PennDOT made no showing that any harm or prejudice would result to it by the reconstitution of the original board of viewers for this matter, it would be unfair to condemnee to deny her request.

On objections to a petition for appointment of a board of viewers we are required to make "such orders and decrees as justice shall require." In this case justice requires that the persons on the board of viewers appointed January 31, 1972, Gordon Post, Esq., John Hodge and Morton Love, be temporarily reappointed to the Lawrence County board of viewers and that they be appointed as a board of view to assess damages caused by the condemnation in this case. The order of September 27, 1976 appointing a board of view for this matter will be vacated.

### ORDER OF COURT

Now, July 6, 1977, it is hereby ordered, adjudged and decreed that the petition for substitution of

viewers is hereby granted in accordance with the opinion filed herewith, and it is further ordered that Gordon Post, Esq., John R. Hodge, and Morton Love are hereby temporarily reappointed to the board of viewers of Lawrence County for the sole and exclusive purpose of determining the matters included in the within case. The prior order of this court dated September 27, 1976, appointing a board of view in this matter is hereby vacated.