# J. J. Coal Corp. v. Borough of Jefferson

*David R. Levin,* for plaintiff.
*Lloyd H. Fuge,* for defendant.

FINKELHOR, *J.,* January 26, 1983 — The above captioned matter, arising from a condemnation and sewer assessment, comes before the court en banc on a motion for a new trial of defendant Jefferson Borough (borough) from the jury verdict in favor of plaintiff J. J. Coal Company in the amount of $12,000.

The issues are 1) whether defendant received adequate notice under §1-703(2), [26 P.S. §703(22)], of the Eminent Domain Code of plaintiff's proposed expert witness and 2) whether the court erred in sustaining an objection to the crossexamination of said expert on the statements made by the owner of the property before the board of viewers.

The facts, pertinent to defendant's motion, are briefly summarized: This case arose from a Boroughwide municipal sanitary sewer project implemented by the Borough in 1976. The property, here involved, was condemned and assessed by Borough ordinances dated May 18, 1976, and August 5, 1976. Thereafter, upon petition of defendant Borough, a board of viewers was appointed to assess damages and benefits to the property and a hearing was held before the Board of Viewers on June 29, 1979. At said hearing, plaintiff presented two witnesses, Albert Felix and Mary Ann Felix, the sole owners of the Corporation holding title to the property. Mary Ann Felix testified that, in her opinion and the opinion of her husband, the value of the benefits of the sewer project equaled the amount of the damage resulting from the installation of the

sewers and that the final assessment reflected that "the value should stay the same before and after." Defendant's witness, a qualified real estate appraiser, set a value of $17,000 and the final Viewers Award was an assessment of $14,000 in net benefits.

Plaintiff's filed a timely appeal and the case was scheduled for jury trial in the March 1982 trial term. A pre-trial conference was scheduled for March 5 and subsequently postponed to March 16, 1982, before the Honorable Barry, J. At that time, plaintiff's attorney, David R. Levin, orally informed defendant's attorney, Lloyd H. Fuge, that Elrod Lenhart would be called as an expert witness on plaintiff's behalf and that Mr. Lenhart would testify as to before and after values and the highest and best use of the property. On March 19, 1982, defendant received, by ordinary mail, Mr. Lenhart's appraisal of the property.

On March 22, 1982, the case was called for jury trial and a jury enpaneled. The court and jury then proceeded to view the property. No objection was made by defendant's counsel before Judge Barry nor upon assignment to Judge Finkelhor of objections to testimony of plaintiff's expert witness.

On March 23, 1982, defendant moved to exclude any testimony of the witness Lenhart, based upon the failure of plaintiff to meet the notice requirement of Section 1-703 of the Eminent Domain Code.

Section 1-703(2) provides, in pertinent part, as follows:

"If any valuation expert who has not previously testified before the viewers is to testify, the party calling him must disclose his name and serve a statement of his valuation of the property before and after the condemnation and his opinion of the high-

est and best use of the property before the condemnation and of any part thereof remaining after the condemnation, on the opposing party at least ten days before the commencement of the trial."

The comment of the Joint State Government Commission indicates that the purpose of this provision was to "eliminate the surprise element in any case when one expert is used before the viewers and another, with a different valuation and opinion of the highest and best use of the property, is called at the trial."

There is no dispute that plaintiff did not meet the technical requirements of the Eminent Domain Code and that formal notice was not given ten days prior to the trial date. However, counsel for the borough stated that he was aware that Mr. Lenhart was inspecting the property. Further, no objection was made by the borough at the time of the conciliation conference or immediately after assignment to the trial judge. In fact, the court and jury had already viewed the property before this matter was raised.

Statutory time provisions are not "ends" in themselves, but the "means" to eliminate the "surprise element" in cases where one expert is used before the viewers and another expert is called at the time of trial. Defendant was aware that Mr. Lenhart was assessing the property so that the element of surprise was not a factor in these proceedings, Goddart v. PennDot, 25 Commw. 112, 358 A.2d 436 (1976); Klick v. Commw. of Pa., Dept. of Transportation, 20 Commw. 627, 342 A.2d 794 (1975); Basehore v. Commw., 74 D.&C.2d 354 (1975). In all of these cases, the record was examined to determine whether the condemnor had knowledge of the proposed expert and the degree of prejudice involved in the proceeding.

In Basehore v. Commw., supra, the court stated as follows:

"No case construing said section as mandatory has been decided. On the contrary, in the recent case of Klick v. Commonwealth of Pennsylvania, Department of Transportation, 20 Pa. Commonwealth Ct. 627, 342 A.2d 794 (1975), the Commonwealth Court ruled that the trial court did not commit error in allowing testimony by an expert appraiser despite a failure to comply with the notification provisions of said section. The notice in Klick was improper in that it did not contain the appraiser's opinion as to the highest and best use . . .

. . . . .

"Here, again, no expert testified before the viewers. Before trial, condemnor could have used it persuasively in enlisting the aid of the court to obtain the information and thereby eliminating surprise at the trial. Their actual attempted use of it as an 'offensive' trial strategy in an abuse of the provision. Silence of condemnor until the last minute rendered correction by postponement of trial impossible and constituted a waiver of any imperfections in condemnees' notice."

An auxiliary question is how long may defendant delay in voicing an objection to the testimony of a witness based upon lack of notice. In this case, defendant knew that an expert was appraising the property and, as of the time of conciliation, that it was plaintiff's intent to call said expert at time of trial and yet defendant failed to object even at the time of assignment of the case to the Trial Judge. As in the Basehore case, the objection was not made until it was too late to either postpone the trial or to make other adjustments. Therefore, we believe that, under the facts of this particular case, defendant's de-

lay constituted a waiver of notice provisions required by the Code.

Defendant's second issue on the motion for a new trial is the ruling by the court that the statements of plaintiffs, themselves, as to the value could not be used to impeach the expert witness. It should be noted that the ruling of the court was limited to reading the testimony of plaintiff at the viewers hearing to impeach another witness. The trial judge specifically stated that the witness could be cross-examined on his knowledge of plaintiff's valuation but not through the use of the record before the board of viewers. While defendant had the right to inquire as to whether the witness was aware of plaintiffs' valuation and whether this was a part of the matters that he considered in arriving at an appraisal, we do not believe that the direct statements of one person can properly be used to impeach another.

Based upon the above discussion, the motions of defendant for a new trial in these proceedings will be dismissed and an appropriate order is attached hereto.

## ORDER OF COURT

And now, this January 26, 1983, upon the motion of defendant Jefferson Borough for a new trial from a jury verdict in favor of the plaintiff in the amount of $12,000, it is hereby ordered, adjudged and decreed that said motion is dismissed and judgment entered in favor of plaintiff upon the payment of the verdict fee.